OPINION OF THE COURT
Herbert Shapiro, J.
Plaintiff, an insurance carrier, moves for judgment against the defendant, another insurance carrier, based upon an agreed statement of facts submitted under the New York simplified procedure for court determination of disputes (CPLR 3031 etseq.).
The facts agreed upon are that Freehan Realty Corp. (Freehan) had procured a liability insurance policy from the plaintiff with respect to Freehan’s property at 270 Bowery, New York, New York. That policy was effective November 25, 1974 and had a coverage limit of $100,000.
Thereafter, and effective February 20, 1975, Freehan procured another liability policy from the defendant covering the same premises but with a liability coverage limit of $300,000.
On February 26, 1975, and while both policies were in effect, one Elize Claude (Claude) allegedly was injured at the premises at 270 Bowery. An action to recover damages for such injuries was thereafter commenced by Claude against Freehan.
Both the plaintiff and the defendant, upon being apprised of *793 the action, undertook the defense of Freehan. After some negotiations it was agreed that Claude’s claim should be settled in the amount of $50,000. Plaintiff and defendant could not agree as to their respective obligations with respect to the settlement and the amount each was to contribute to the settlement figure. It was then agreed that the contribution question would be left open for further litigation. In the interim, and without prejudice to the question of contribution, each agreed to and did pay Claude the sum of $25,000.
The question now presented is what proportion of the $50,000 paid in settlement to Claude should be borne by each of the insurance carrier parties in this action.
The policies issued by both carriers contained identical language with respect to the obligations of each in the event there was "other insurance” covering the loss. The policies provided as follows:
"6. Other Insurance. The insurance afforded by this policy is primary insurance except when stated to apply in excess of or contingent upon the absence of other insurance. When this insurance is primary and the insured has other insurance which is stated to be applicable to the loss on an excess or contingent basis, the amount of the company’s liability under this policy shall not be reduced by the existence of such other insurance.
"When both this insurance and other insurance apply to the loss on the same basis, whether primary, excess or contingent, the company shall not be liable under this policy for a greater proportion of the loss than that stated in the applicable contribution provision below:
"(a) Contribution by Equal Shares. If all of such other valid and collectible insurance provides for contribution by equal shares, the company shall not be liable for a greater proportion of such loss than would be payable if each insurer contributes an equal share until the share of each insurer equals the lowest applicable limit of liability under any one policy or the full amount of the loss is paid, and with respect to any amount of loss not so paid the remaining insurers then continue to contribute equal shares of the remaining amount of the loss until each such insurer has paid its limit in full or the full amount of the loss is paid.
"(b) Contribution by Limits. If any of such other insurance does not provide for contribution by equal shares, the company shall not be liable for a greater proportion of such loss *794 than the applicable limit of liability under this policy for such loss bears to the total applicable limit of liability of all valid and collectible insurance against such loss.”
Summarizing these provisions insofar as they are applicable to the facts of this case, the following appears to be the formula to be followed: (1) if the "other insurance” provides for contribution by equal shares, then each carrier would be responsible for an equal share of the loss (with limitations not here applicable) — in other words, $25,000; (2) if the "other insurance” does not provide for contribution by equal shares, then each carrier shall pay a pro rata portion of the loss in an amount equal to the ratio that the applicable limit of liability under the particular policy bears to be total combined limit of liability of the two policies — in other words, $12,500 by plaintiff and $37,500 by defendant.
Plaintiff contends that the formula set forth in (2) above should apply and it is therefore entitled to judgment in the amount of $12,500. Defendant contends that the formula set forth in (1) above is applicable and there should be no judgment in plaintiff’s favor, each party having properly paid the sum of $25,000.
It is essentially conceded that neither policy contains a provision calling for contribution by equal shares. That being so, it would appear that paragraph 6(b) of the policies, dictating that the loss be prorated, would govern rather than 6(a) which would mandate an equal participation.
Defendant argues, however, that despite what appears to be the clear language of paragraph "6”, a contrary result is required because of public policy considerations. It is urged that to adopt the plaintiff’s position would have an adverse effect upon the desirable trend toward policy standardization and would result (just how is not too clear) in higher premiums.
Neither of the parties has cited any decision of a New York court bearing on the issue presented. It would appear that there are no such reported decisions and that this might well be a matter of first impression in this State.
Both parties, however, do cite decisions of other jurisdictions which they claim are relevant to the issue. Defendant relies upon Argonaut Ins. Co. v Cotton States Mut. Ins. Co. (373 F Supp 817, 820) as being supportive of its position. While it is true that the court there held that both carriers were to share the loss equally, such equal division was based upon the fact *795 that both policies involved contained "other insurance” clauses which expressly provided for contribution by equal shares. In this case neither policy so provided.
Another case cited by defendant not only does not support its position but rather supports the position taken by the plaintiff. In that case (Veillon v Southern Farm Bur. (254 So 2d 130 [La]), the court directed a prorating of liability with respect to the carriers whose policies contained provisions as those in this case. In doing so, the court expressly stated that it relied upon the fact that the "other insurance” policies did not provide for equal sharing of the loss.
The other cases relied upon by defendant where the courts found it necessary to make a judicial determination as to the carriers who were to be primarily and secondarily liable for losses, did not involve the policy provisions in the policies in this case.
As indicated, it is the view of the court that the policy provisions here involved are clear in their meaning and require a conclusion that the loss must be divided on a pro rata basis, in accordance with paragraph 6(b) of the policies. This interpretation of the policies is directly supported by the holding of the United States Court of Appeals for the Fifth Circuit in Georgia Cas. & Sur. Co. v Universal Underwriters Ins. Co. (534 F2d 1108).
In the Georgia Cas. case both policies involved "other insurance” provisions identical to those here involved and, as in this case, neither policy provided for contribution in equal shares. The Circuit Court held that the provision providing for "contribution by limits” (paragraph 6[a] of the policies in this case) controlled. The defendant’s reliance upon the dissenting view in that case achieves no greater success here than it did there.
Accordingly, judgment should be entered in favor of the plaintiff against the defendant in the sum of $12,500.