Memorandum. The order of the Appellate Division should be affirmed.
In this action for a declaration that plaintiff is relieved of all its duties and liabilities under a policy of liability insurance issued by it to defendant Cherry covering a 1964 Ford truck, Special Term granted plaintiffs motion for summary judgment, holding that Cherry’s conviction of manslaughter in the first degree is prima facie proof of a willful act obviating the concept of accident as embodied in said policy. The Appellate Division reversed, on the law, and awarded partial summary judgment to said defendant to the extent that plaintiff is not relieved of its duty to defend under the policy and is to be responsible for the reasonable value of the services of Cherry’s counsel, and that the remaining claims of plaintiff shall await determination after conclusion of a wrongful death action instituted against Cherry by Patricia J. Rice, as administratrix of the estate of Charles J. Rice.
The death action, instituted on August 10, 1967 and alleging a cause based on negligence and another for intentionally causing the death, arose out of an occurrence on April 26, 1967 at or near a shale bank in Cornwall, New York, when Cherry operated his truck in a manner as to strike and kill Rice. In 1967, Cherry was indicted for manslaughter in the first degree, charged with violating former section 1050 of the Penal Law, and on September 29, 1969, following a trial, was convicted of said crime.
Plaintiff maintains on this appeal that it is entitled to disclaim liability coverage under the policy and to a grant of *737 summary judgment in its favor, since Cherry’s conviction rested on a finding of intent to do the criminal act, negating an accident, and, as a result, he was collaterally estopped from asserting the identical facts in a subsequent civil action which were finally decided previously in the criminal action. Our response to this position is relatively simple. The civil complaint contains a cause grounded on negligence, which is clearly within the risk covered by the policy, and since facts have been alleged which bring the death within the coverage, the policy requires plaintiff insurer to defend irrespective of defendant Cherry’s ultimate liability, plaintiff’s obligation to furnish Cherry with a defense being broader than its duty to pay (International Paper Co. v Continental Cas. Co., 35 NY2d 322, 325-327; Goldberg v Lumber Mut. Cas. Ins. Co. of N. Y., 297 NY 148, 154). The insurer’s duty to defend "includes the defense of those actions in which alternative grounds are asserted, some within and others without the protection purchased,” and extends to any action, however groundless, false or fraudulent, in which facts are alleged within the coverage afforded by the policy (Freedman, Inc. v Glens Falls Ins. Co., 27 NY2d 364, 368; Prashker v United States Guar. Co., 1 NY2d 584).
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order affirmed, with costs, in a memorandum.