■  Leslie Jaeger, an Infant, by Her Father and Natural Guardian, George Jaeger, et al., Appellants, v Travelers Insurance Company et al., Respondents.—In an action *inter alia* for a declaratory judgment, plaintiffs appeal from an order of the Supreme Court, Nassau County, dated October 8, 1975, which (1) denied their motion for summary judgment and (2) granted summary judgment to defendants dismissing the complaint on the ground that, under the circumstances of the case, an action for a declaratory judgment does not lie. Order reversed, on the law, with $50 costs and disbursements payable to plaintiffs by the Travelers Insurance Company, and plaintiffs' motion for summary judgment granted to the extent that it is declared that the Travelers Insurance Company is liable for the payment of the reasonable value of the services of whichever attorneys plaintiffs select for their defense in the wrongful death actions; the complaint is otherwise dismissed, without prejudice. No findings of fact were presented for review. Since plaintiffs sought a declaratory judgment, the complaint should not have been dismissed to the extent indicated herein (cf. *Lanza v Wagner,* 11 NY2d 317, 334). Under the circumstances of this case, in which the owner denies that he gave plaintiff Leslie Jaeger permission to drive his automobile, a conflict of interest is present between the plaintiffs and the insurance company. Therefore the selection of the attorneys to represent the plaintiffs should be made by them rather than by the insurance company (see *Prashker v United States Guar. Co.,* 1 NY2d 584; *Rimar v Continental Cas. Co.,* 50 AD2d 169; *Utica Mut. Ins. Co. v Cherry,* 45 AD2d 350, affd 38 NY2d 735). We have not reached the question whether either of the defendant insurers would be obligated to satisfy any judgment or judgments which may be recovered against the plaintiffs. Such determination should be made after the facts are adduced at the trial of the wrongful death actions (see *Spoor-Lasher Co. v Aetna Cas. & Sur. Co.,* 39 NY2d 875). Cohalan, Acting P. J., Margett, Damiani, Rabin and Shapiro, JJ., concur.

■  Frank Leanza et al., Respondents, v Charles Sutton et al., Appellants.—In an action, *inter alia,* on an unrecorded mortgage note, heard on an agreed statement of facts, defendants appeal from two judgments of the Supreme Court, Kings County, dated June 11, 1973 and September 18, 1973, respectively, which are in favor of plaintiffs and against them. Appeal from the judgment dated June 11, 1973 dismissed. That judgment has been superseded by the judgment dated September 18, 1973. Judgment dated September 18, 1973 affirmed. Respondents are awarded one bill of costs to cover both appeals. Upon the record presented, we find that the defendant Sutton voluntarily signed the note in suit and that the note was supported by valid consideration. Latham, Acting P. J., Margett, Damiani, Rabin and Shapiro, JJ., concur.