■ NEW YORK MUTUAL UNDERWRITERS, Appellant, v BENNY V. CAVALLARO et al., Doing Business as GLEN WAY TAVERN, Respondents. — Order and judgment unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: Plaintiff, defendants' liability insurer, appeals from Special Term's determination in a declaratory judgment action that plaintiff must indemnify and provide a defense to defendants with respect to the third cause of action in a personal injury action commenced against them by Pastrick, a police officer. Defendants Cavallaro and McCarty are operators of Glen Way Tavern. Pastrick was injured in an altercation with two patrons of the tavern in an adjoining parking lot. The policy issued by plaintiff excluded liability imposed "by reason of the selling, serving or giving of any alcoholic beverage to * * * a person under the influence of alcohol or which causes or contributes to the intoxication of any person". The third cause of action in separately numbered paragraphs alleges that defendant's employees failed to perform their duty to exercise reasonable care to protect persons entering into the tavern and upon the "adjoining parking lot" from dangerous conduct by patrons and that such failure was the proximate cause of Pastrick's injuries. The third cause of action also realleges the second cause of action which claims that defendants wrongfully served intoxicating liquors to and contributed to the intoxication of the alleged assailants while they were boisterous and in an intoxicated condition and that, thereafter, they assaulted

and injured Pastrick. Special Term has held that the third cause of action, since it makes no claim of liability arising from the selling or serving of alcoholic beverages, is entirely without the exclusion. Were it not for the reallegation of the second cause of action, we would agree. With these additional allegations, however, it is possible that liability could be predicated on a theory which would bring the recovery within the exclusion (see *Vale v Yawarski*, 79 Misc 2d 320). Thus, the third cause of action as pleaded is one in which " 'alternative grounds are asserted, some within and others without the protection purchased' " (*Utica Mut. Ins. Co. v Cherry*, 38 NY2d 735, 737, quoting *Lionel Freedman, Inc. v Glens Falls Ins. Co.*, 27 NY2d 364, 368). Under these circumstances, plaintiff is obligated to defend with respect to the third cause of action (see *Ruder & Finn v Seaboard Sur. Co.*, 52 NY2d 663, 669-670; *Utica Mut. Ins. Co. v Cherry, supra*) and defendants are entitled to counsel of their choice (see *Utica Mut. Ins. Co. v Cherry*, 45 AD2d 350, 355, affd 38 NY2d 735, *supra; Prashker v United States Guar. Co.*, 1 NY2d 584, 593). The question of plaintiff's duty to indemnify cannot be determined on the face of the complaint because ultimate liability could be found to be based on the proof of allegations in the realleged second cause of action. If this were the case, the coverage exclusion would apply. Therefore, because Special Term's determination as to the duty to indemnify with respect to the third cause of action is premature, the order is modified by striking the second numbered subdivision of the third ordering paragraph. It should be determined in special verdicts at trial whether liability, if any, on the third cause of action is or is not based on the realleged paragraphs of the second cause of action (see *Utica Mut. Ins. Co. v Cherry*, 45 AD2d 350, 355, affd 38 NY2d 735, *supra*). (Appeal from order and judgment of Supreme Court, Steuben County, Siracuse, J. — summary judgment.) Present — Hancock, Jr., J. P., Callahan, Doerr, Denman and Moule, JJ.