NEW YORK STATE URBAN DEVELOP-MENT CORPORATION, Plaintiff,

v.

VSL CORPORATION, Defendant and Third-Party Plaintiff,

v.

AMMANN & WHITNEY, Lift Consultants, Vollmer Associates, Inc., Harvey Hubbell Incorporated and Northbrook Excess and Surplus Insurance Company, Third-Party Defendants.

NORTHBROOK EXCESS AND SURPLUS INSURANCE COMPANY, Third-Party Defendant and Fourth-Party Plaintiff,

v.

ZURICH INSURANCE COMPANY, Fourth-Party Defendant.

No. 81 CIV 3396 (LBS).

United States District Court, S.D. New York.

May 3, 1983.

Gold, Farrell & Marks, Charles B. Ortner, New York City, for VSL Corp.

Gottesman, Wolgel, Smith & Secunda, P.C., Stephen H. Marcus, New York City, for Northbrook Excess and Surplus Ins. Co.

William C. Jayne, New York City, for Zurich Ins. Co.

## OPINION

SAND, District Judge.

Defendant and third-party plaintiff VSL Corporation ("VSL") has moved this Court for an order holding third-party defendant and fourth-party plaintiff Northbrook Excess and Surplus Insurance Co. ("Northbrook") in contempt for failure to comply with this Court's judgment of May 28, 1982. Northbrook has cross-moved for an order substituting counsel for VSL in the primary action.

The questions raised by these motions concern first, an insurer's duty to provide a defense for its insured and second, the allocation of defense costs between two insurers, each of which has the duty to defend.

The facts are as follows.

On May 15, 1981, the New York State Urban Development Corporation ("UDC") commenced an action against VSL for damages allegedly sustained in connection with certain work performed by VSL in connection with the Roosevelt Island Tramway. VSL, by its attorneys Gold, Farrell & Marks ("Gold, Farrell"), sought to have Northbrook defend it in the suit brought by UDC pursuant to the Architects and Engineers Professional Liability Policy which Northbrook had issued to VSL. Northbrook refused to defend VSL, asserting that the UDC action was beyond the limited scope of the policy coverage, and VSL sued Northbrook for declaratory, injunctive and other relief. VSL also asserted a "bad faith" claim against Northbrook.

Zurich-American Insurance Co. ("Zurich"), which had issued to VSL a Primary Comprehensive General Liability Insurance Policy, acknowledged its duty to defend with reservation as to its rights.

On December 18, 1981, VSL moved for partial summary judgment against Northbrook. Charles B. Ortner, Esq., of Gold, Farrell submitted the principal affidavit, dated December 18, 1981, in support of that motion. Ortner's affidavit included numerous averments based on personal knowledge relating to VSL's claim of Northbrook's bad faith.

On April 16, 1982, VSL's motion was denied on the ground that material questions of fact existed. The Court ordered the severance and separate trial of the issue of Northbrook's obligation to defend. On May 24, 1982, that issue was tried to the Court, and an oral Opinion in favor of VSL was rendered. In that Opinion, the Court stated:

[It] is the Court's view that how Zurich and Northbrook allocated [the obligation to appear and defend] between themselves is, in the first instance, a matter for them to resolve, and it would be my intention to leave the matter in that posture; that is, to permit Northbrook and Zurich, who I believe are the only parties who are concerned, at least at this stage, with the manner in which they will discharge their mutual obligations, to determine such matters as the designation of counsel and the interim arrangements; to determine what percentage of the interim legal costs each will bear until such time as there shall be a resolution on the merits of the underlying action . . . .

Transcript, May 24, 1982, pp. 7–8.

On May 28, 1982, judgment was entered declaring, *inter alia,*

"2. Northbrook has an obligation to and shall, pursuant to the terms and conditions of the Policy, provide a defense for VSL to the claims alleged against VSL in the UDC Complaint."

Northbrook appealed that judgment but on July 13, 1982, the appeal was dismissed for failure to comply with the Civil Appeals Management Program.

According to the Affidavit of Northbrook's counsel, Stephen H. Marcus (dated October 19, 1982, submitted in opposition to VSL's motion), on June 16, 1982, Northbrook's agent wrote to General Counsel for VSL. Northbrook's agent advised that Northbrook would undertake to select counsel if that was agreeable to VSL or, in the alternative, VSL's General Counsel could provide the names of five or more firms acceptable to VSL to provide an independent defense, in which case one firm would be selected from that list to defend. VSL's General Counsel took the position that the firm that had represented it in all of the foregoing proceedings, Gold, Farrell, should defend the action against the UDC, although VSL would cooperate with any additional firm that Northbrook would retain.

Northbrook then designated the law firm Buckley, Treacy, Schaffel, Mackey & Abbate ("Buckley, Treacy"). According to the Marcus affidavit, Northbrook has had no prior dealings with Buckley, Treacy. Further, Marcus has instructed that firm to avoid any involvement in the current or past dispute between Northbrook and VSL and to provide the best defense possible for VSL. The Martindale-Hubbell Directory lists Buckley, Treacy with an "av" rating and a specialization in engineering litigation.

In addition to the disagreement concerning who should conduct VSL's defense, Zurich and Northbrook proved unable to agree on the allocation of the defense costs. While Northbrook has offered to share equally with Zurich the cost of the defense, Zurich insists that the allocation should be in accordance with the face amounts of the primary policies issued by each insurer, *i.e.,* Northbrook's $2 million as compared to Zurich's $300,000.

These disagreements prompted VSL to move to hold Northbrook in contempt for failure to comply with the Court's judgment of May 28, 1982, ordering Northbrook to provide VSL with a defense in the UDC action.

In the course of oral argument on March 31, 1983, VSL restated its position regarding its right to appoint counsel for its defense. VSL now acknowledges that Northbrook has the right to have as VSL's "independent counsel" a firm other than Gold, Farrell. VSL insists, however, that Gold, Farrell be permitted to appear in addition to independent counsel to protect VSL's interests and that Northbrook indemnify VSL for the cost of this representation. In support of this claim, VSL relies on cases such as *Executive Aviation, Inc. v. National Ins. Underwriting,* 16 Cal.App.3d 799, 809–10, 94 Cal.Rptr. 347, 353–54 (1st Dist.1971), and *Employers' Fire Ins. Co. v. Beals,* 103 R.I. 623, 240 A.2d 397, 403–04 (1968)—both of which discuss *Prashker v. United States Guar. Co.,* 1 N.Y.2d 584, 154 N.Y.S.2d 910, 136 N.E.2d 871 (1956)—for the proposition that an insurer may be obliged to pay for the services of two attorneys for one action.

Northbrook is agreeable to having the independent counsel fully apprise Gold, Farrell of the ongoing status of the law suit. But Northbrook contends that its duty to provide a defense is fully met by the designation of Buckley, Treacy as independent counsel and that such duty does not encompass the indemnification of the insured's counsel.

## DISCUSSION

The Court agrees with Northbrook's position on both these matters.

■ VSL's right to appoint independent counsel paid by Northbrook stems from the conflict of interest Northbrook faces in exercising the duty it owes to the insured to defend the primary action herein: because the UDC complaint states alternative grounds of liability, some of which are within the policy coverage and some without, Northbrook's interest lies in defending against only the former, while VSL's interest lies primarily in defending against the latter.[1] See *Public Svc. Mut. Ins. Co. v. Goldfarb,* 53 N.Y.2d 392, 402 & n. *, 442 N.Y.S.2d 422, 427 & n. *, 425 N.E.2d 810 (1981); *Prashker v. United States Guar. Co.,* 1 N.Y.2d 584, 593, 154 N.Y.S.2d 910, 917, 136 N.E.2d 871 (1956); *Utica Mut. Ins. Co. v. Cherry,* 45 A.D.2d 350, 354, 358 N.Y.

1. This same variance in interests confirms the propriety of VSL's abandonment of its assertion that Gold, Farrell act as independent counsel. Northbrook is under a duty to provide only an impartial defense—not to sacrifice its own interests. VSL's defense counsel must not be motivated to slant the defense in any manner relating to whether a claim is or is not in the scope of coverage. Allowing VSL to appoint as "independent counsel" a firm that bears its loyalty to VSL or any animus to Northbrook would reintroduce, albeit in a converse manner, the very difficulties that necessitate in the first instance the appointment of independent counsel. See Keeton, Liability Insurance and Responsibility for Settlement, 67 Harv.L.Rev. 1136, 1169–70 (1954). The cases' consistent and repeated use of the term "independent" negates any contrary assertion.

In apparent anticipation of this problem, one court has stated:

Because the insurer has a legitimate interest in seeing that any recovery based on finding of negligence on the part of its insured is

S.2d 519, 522 (1974), *aff'd,* 38 N.Y.2d 735, 381 N.Y.S.2d 40, 343 N.E.2d 758 (1975); *Executive Aviation, Inc. v. National Ins. Underwriters,* 16 Cal.App.3d 799, 809–10, 94 Cal.Rptr. 347, 353–54 (1st Dist.1971); *Employers' Fire Ins. Co. v. Beals,* 103 R.I. 623, 240 A.2d 397 (1968); 7C J. Appleman, *Insurance L. & Prac.* § 4685.01 (Berdal rev. 1979). *See generally* Note, The Insurer's Duty to Defend Made Absolute: *Gray v. Zurich,* 14 U.C.L.A.L.Rev. 1328, 1332–35 (1967).

The role that VSL anticipates for Gold, Farrell is to maintain a watchful eye on the proceedings and keep its client advised. While the assumption of such a role by an insured's counsel is not at all uncommon, we do not believe that the insurer's obligation to provide a defense extends to such services. To the extent, if any, that the insurer's duty to provide an impartial defense by independent counsel encompasses an obligation to provide VSL with the means to police that defense, we are of the view that Northbrook has in this instance adequately met its obligation by instructing independent counsel to cooperate with Gold, Farrell in keeping it apprised of the status of the litigation.

The authorities relied on by VSL are not to the contrary. The court in *Executive Aviation, supra,* in referring to the insurer's

kept within reasonable bounds, and since the total expense of this defense is to be assumed by the insurer under its promise to defend, we believe that ... *the engagement of an independent counsel to represent the insured should be approved by the insurer. Such approval, however, should not be unreasonably withheld.*

*Employers' Fire Ins. Co. v. Beals,* 103 R.I. 623, 240 A.2d 397, 404 (1968) *(emphasis supplied),* cited approvingly in *Executive Aviation, Inc. v. National Ins. Underwriting,* 16 Cal.App.3d 799, 94 Cal.Rptr. 347 (Cal.App.1971). *See also* 7C Appleman, Insurance L. & Prac. § 4685.01, at 140 (Berdal Rev.1979).

In this instance, Gold, Farrell has represented VSL against Northbrook on a claim of bad faith and a duty to defend. The unfortunate acrimony that has developed between Gold, Farrell and Northbrook is apparent from the papers submitted on this motion. We cannot say, in light of all the facts and circumstances, that Northbrook's refusal to approve Gold, Farrell as independent counsel was unreasonable.

obligation to pay the cost of two attorneys, was considering a situation where the insured and the insurer are each represented at trial by separate counsel, "each of whom is pledged to promote and protect the prime interests of his client." 16 Cal.App.3d at 809, 94 Cal.Rptr. at 354. *See also Beals, supra,* 240 A.2d at 404 (employing verbatim the above-quoted language from *Executive Aviation*). Where, however, the defense is to be presented by independent counsel representing both the insured and insurer, as in this instance, the cases indicate that the expense of only the one attorney is to be assumed by the insurer. *See id. citing Prashker, supra.*[2] In the same manner that the insurer bears the cost of overseeing the independent conduct of the defense, so should the insured.

Having declined the offer to designate "independent" counsel and having raised no valid objection to counsel designated by Northbrook or the terms of representation, we deny VSL's motion to hold Northbrook in contempt and grant Northbrook's cross-motion for the substitution of Buckley, Treacy as counsel.

Regarding the second dispute between the parties, the allocation of defense costs, we find Northbrook's offer to assume 50 percent thereof to be wholly reasonable. *See United States Fire Ins. Co. v. Allstate Ins. Co.,* 65 A.D.2d 674, 411 N.Y.S.2d 548 (4th Dept.1978). None of the cases relied upon by VSL, *Allstate Ins. Co. v. Consolidated Mut. Ins. Co.,* 35 A.D.2d 535, 313 N.Y.S.2d 181, 183 (2d Dept.1970); *Eagle Star Ins. Co. of Am. v. General Acc. Fire & Life Ins. Co.,* 100 Misc.2d 792, 420 N.Y.S.2d 83 (Sup.Ct.N.Y.Cty.1979), draw any distinctions between primary, excess, or contingent policies. The aggregate face amounts of Zurich's policies in this instance equal

$10 million which when compared to Northbrook's $2 million yields a ratio far less favorable to Zurich than that proposed by Northbrook. Moreover, the Northbrook offer appears especially equitable in light of. the variance in premiums received by each of the insurers for their primary policies: VSL paid Zurich a total of $282,000 in premiums as contrasted with $55,603 paid to Northbrook. Reply Affidavit of Stephen H. Marcus, dated March 28, 1983, at 5. We note, too, that Zurich and Northbrook each assumed different risks and in that regard present a situation distinguishable from the authorities relied upon by VSL. *Cf. Cordial Greens Country Club v. Aetna Casualty & Surety Co.,* 41 N.Y.2d 996, 395 N.Y.S.2d 443, 363 N.E.2d 1178 (1977).

### CONCLUSION

In sum, because we find that Northbrook has attempted in good faith to comply with this Court's judgment of May 28, 1982, VSL's motion for a contempt order is denied. In light of VSL's refusal to designate independent counsel, and its failure even to suggest any cause why Buckley, Treacy could not provide an independent defense, Northbrook's cross-motion for substitution of counsel is granted. Further, Northbrook's offer to share equally with Zurich in the cost of VSL's defense is adopted by the Court as the manner in which costs are to be allocated until such time as the issues of coverage are determined.

SO ORDERED.

---

**2.** We do not understand VSL to be seeking to have its defense presented by two different attorneys, one representing itself and the other the insurer. Dual representation of a single party by attorneys representing conflicting interests poses inherent difficulties. When matters of strategy arise, for example, whether to call as a witness an individual who offers useful testimony as against an insured claim but could damage the defense against an uninsured claim, the decision must be made by a single counsel whose objective is to provide the best defense possible, with total disregard of the existence of insurance. Moreover, where, as here, there are involved two or more insurers with differing coverages—and thus, the potential for more than two attorneys responsible for the defense, the difficulties inherent in dual representation can only increase proportionately.