738 F.2d 61
 NEW YORK STATE URBAN DEVELOPMENT CORPORATION, Plaintiff,
v.
VSL CORPORATION, Defendant and Third-Party Plaintiff-Appellant,
v.
AMMANN & WHITNEY, LIFT CONSULTANTS, Vollmer Associates,
Inc., Von Rolltramways, Inc., Harvey Hubbell Inc.,
and Northbrook Excess and Surplus
Insurance Company, Third-Party
Defendants,
Northbrook Excess and Surplus Insurance Company, Third-Party
Defendant-Appellee.
NORTHBROOK EXCESS AND SURPLUS INSURANCE COMPANY, Third-Party
Defendant and Fourth-Party Plaintiff-Appellee,
v.
ZURICH INSURANCE COMPANY, Fourth-Party Defendant.
 Nos. 832, 833, Dockets 83-7417, 83-7525.
 United States Court of Appeals,
Second Circuit.
 Argued March 12, 1984.
Decided June 20, 1984.
 
 Charles B. Ortner, New York City (Andrew L. Deutsch, Milgrim, Thomajan, Jacobs & Lee, New York City, of counsel), for third-party plaintiff-appellant VSL Corp.
 Stephen H. Marcus, New York City (Gottesman, Wolgel, Smith & Secunda, New York City, of counsel), for third-party defendant-appellee Northbrook.
 Before FRIENDLY, TIMBERS and MESKILL, Circuit Judges.
 MESKILL, Circuit Judge:
 
 
 1
 This is a consolidated appeal from an order of the United States District Court for the Southern District of New York, Sand, J., denying appellant VSL Corporation's (VSL) motion to hold appellee Northbrook Excess and Surplus Insurance Company (Northbrook) in civil contempt and granting Northbrook's cross-motion for substitution of counsel. VSL also appeals from an order requiring Northbrook and the Zurich Insurance Company (Zurich) to share equally in the costs of VSL's defense pending the ultimate determination of coverage. We affirm the denial of the motion for contempt and the granting of the cross-motion substituting counsel; we dismiss the appeal from the decision on the allocation of defense costs.
 
 BACKGROUND
 
 2
 VSL operated and maintained the Roosevelt Island tramway for the New York State Urban Development Corporation (UDC). The UDC brought an action against VSL on May 15, 1981 in the Supreme Court of the State of New York, County of New York, for damages allegedly sustained in connection with certain work performed by VSL on the tramway. VSL retained the law firm of Gold, Farrell & Marks (Gold, Farrell) to defend it and subsequently removed the action to the United States District Court for the Southern District of New York. Jurisdiction was asserted on the basis of diversity of citizenship.
 
 
 3
 VSL maintained several insurance policies that covered its work on the tramway project including an architects and engineers professional liability policy in the amount of $2 million issued by Northbrook and comprehensive general liability policies in the total amount of $10 million issued by Zurich. Both insurance carriers were required by the terms of their policies to defend VSL.
 
 
 4
 Zurich acknowledged its duty to defend VSL; Northbrook, however, refused to do so, asserting that the UDC claims were outside the coverage of the policy. In August 1981, Gold, Farrell brought a third-party action on behalf of VSL against Northbrook seeking declaratory and injunctive relief. It also claimed damages for Northbrook's refusal to defend, indemnification to the extent of any judgment rendered against VSL in the UDC action, plus fees and costs and punitive damages for bad faith.[1]
 
 
 5
 A trial was held on May 24, 1982 before Judge Sand on the issue of Northbrook's obligation to defend VSL. In an opinion delivered from the bench, Judge Sand found that Northbrook was required to provide a defense for VSL. He ordered Northbrook and Zurich to decide between themselves how they would discharge their respective duties to defend. Specifically, he stated that Northbrook and Zurich should "determine such matters as the designation of counsel and the interim arrangements; to determine what percentage of the interim legal costs each will bear until such time as there shall be a resolution on the merits of the underlying action." Judgement was entered on May 28, 1982 and certified as final under Fed.R.Civ.P. 54(b).
 
 
 6
 On June 16, 1982, Northbrook advised VSL by letter that it would designate independent counsel if agreeable to VSL or, in the alternative, VSL could provide a list of firms to Northbrook from which a firm acceptable to Northbrook and Zurich would be selected. VSL rejected the offer and insisted that Gold, Farrell continue to provide representation in the UDC action. Northbrook subsequently designated the firm of Buckley, Treacy, Schaffel, Mackey & Abbate (Buckley, Treacy), a firm experienced in construction litigation, but with whom Northbrook had no previous dealings, as independent counsel to defend VSL. Northbrook instructed Buckley, Treacy to avoid any involvement in the dispute between itself and VSL.
 
 
 7
 Northbrook was unable to reach an understanding with Zurich on the allocation of defense costs. Northbrook offered to share the costs equally with Zurich, pending the ultimate determination of liability and coverage, but Zurich insisted that Northbrook pay a larger share.
 
 
 8
 In October 1982 VSL moved to hold Northbrook in contempt for failure to comply with the May 28 judgment requiring Northbrook to provide a defense. Northbrook cross-moved to substitute Buckley, Treacy as VSL's independent counsel. Northbrook also requested the court to order Zurich to share equally in the costs of VSL's defense. On May 3, 1983 Judge Sand denied VSL's contempt motion and granted Northbrook's cross-motion. He also adopted Northbrook's offer concerning the equal distribution of interim defense expenses. New York State Urban Development Corp. v. VSL Corp., 563 F.Supp. 187 (S.D.N.Y.1983). This appeal by VSL followed.
 
 DISCUSSION
 
 9
 Initially, we must decide whether we have jurisdiction to hear this appeal. In general, the denial of a motion for civil contempt may only be appealed "after the conclusion of the principal action rather than in its course." Stringfellow v. Haines, 309 F.2d 910, 911 (2d Cir.1962). Cf. Fox v. Capital Co., 299 U.S. 105, 107, 57 S.Ct. 57, 58, 81 L.Ed. 67 (1936) ("except in connection with an appeal from a final judgment or decree, a party to a suit may not review upon appeal an order fining or imprisoning him for the commission of a civil contempt"). This policy is necessary to avoid piecemeal interlocutory appeals. See Sanders v. Monsanto Co.. 574 F.2d 198, 199 (5th Cir.1978); Peabody Coal Co. v. Local Union Nos. 1734, 1508 and 1548, United Mine Workers, 484 F.2d 78, 82 (6th Cir.1973). VSL cannot appeal the denial of its contempt motion at this time if this rule is applied without exception, because it has several claims pending against Northbrook which have yet to be determined. However, in International Business Machines Corp. v. United States, 493 F.2d 112 (2d Cir.1973), cert. denied, 416 U.S. 995, 94 S.Ct. 2409, 40 L.Ed.2d 774 (1974), we recognized an exception to this rule where "the interlocutory nature of the order is no longer present" and "the appeal does not interfere with the orderly progress of the main case." Id. at 115 n. 1. The appeal of the denial of the contempt motion here is not interlocutory in nature even though there has been no final judgment with respect to all of VSL's claims. VSL's contempt motion was based on the May 28 judgment ordering Northbrook to provide a defense for VSL. That judgment was certified as final by the district court under Fed.R.Civ.P. 54(b) and could have been appealed pursuant to 28 U.S.C. Sec. 1291 (1982). See Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 76 S.Ct. 895, 100 L.Ed. 1297 (1956); cf. Cromaglass Corp. v. Ferm, 500 F.2d 601, 604-05 (3d Cir.1974) (en banc) (district court's order imposing sanctions on plaintiff for its failure to comply with defendants' discovery requests may be subject of appeal if certified under Rule 54(b)). It would defy logic to hold that while the May 28 judgment was final for the purposes of section 1291, a contempt motion based on Northbrook's alleged non-compliance with the judgment is not appealable. See Sanders v. Monsanto Co., 574 F.2d at 199 ("if a motion for civil contempt is denied after the entry of the judgment which was the subject of the contempt, the denial is final and reviewable because no further district court action is necessary to give life to the denial").[2] Therefore, we have appellate jurisdiction to hear VSL's appeal of the denial of the contempt motion. We may also consider the merits of the order of substitution because it is inextricably intertwined with the May 28 judgment and the refusal of the district court to hold Northbrook in contempt for violating the judgment.
 
 
 10
 We now turn to the merits of the contempt and substitution claims. There is no dispute that a conflict of interest exists between VSL and Northbrook in the UDC action. VSL seeks to escape liability to the UDC on all grounds alleged, whereas Northbrook's interest is in defeating liability only on those grounds that would render it liable under its insurance policy. See Public Service Mutual Insurance Co. v. Goldfarb, 53 N.Y.2d 392, 401 n. *, 442 N.Y.S.2d 422, 425 N.E.2d 810 (1981). Under New York law, an insurer is required to provide a defense in such circumstances and the insured is entitled to be represented by independent counsel. Public Service Mutual Insurance Co. v. Goldfarb, 53 N.Y.2d at 401, 442 N.Y.S.2d 422, 425 N.E.2d 810; Prashker v. United States Guarantee Co., 1 N.Y.2d 584, 593, 154 N.Y.S.2d 910, 136 N.E.2d 871 (1956); Rimar v. Continental Casualty Co., 50 A.D.2d 169, 173, 376 N.Y.S.2d 309 (1975); Utica Mutual Insurance Co. v. Cherry, 45 A.D.2d 350, 354-55, 358 N.Y.S.2d 519 (1974), aff'd mem., 38 N.Y.2d 735, 381 N.Y.S.2d 40, 343 N.E.2d 758 (1975). Judge Sand noted in his opinion preceding the May 28 judgment that Northbrook was obligated to provide a defense and that VSL was entitled to independent representation. The sole question here is whether VSL or Northbrook may designate independent counsel. VSL argues that it has an unqualified right under New York law to select counsel. Northbrook maintains that under the terms of the policy it may select counsel to defend VSL.
 
 
 11
 The insurance contract contains a clause requiring Northbrook to "defend any suit against [VSL] seeking damages to which this Policy applies." It stated that Northbrook would pay, subject to a deductible, "all claims expenses." "Claims expenses" were defined as including "(1) fees charged by any attorney designated by [Northbrook] ... (3) fees charged by any attorney designated by [VSL] with the written consent of [Northbrook]." After the May 28 judgment, Northbrook informed VSL that it would be satisfied with either mode of attorney designation. It suggested that VSL submit a list of law firms from which one firm, mutually acceptable to Northbrook and Zurich, would be selected. Northbrook designated Buckley, Treacy as independent counsel after VSL continued to insist on being represented by Gold, Farrell.
 
 
 12
 Under the circumstances, Northbrook's designation of Buckley, Treacy according to the policy's provisions satisfied its obligations to provide independent counsel for VSL. It is not inherently objectionable to permit an insurer to participate in the selection of independent counsel for the insured as long as the insurer discharges its obligation in good faith and the attorney chosen is truly independent and otherwise capable of defending the insured. See Employers' Fire Insurance Co. v. Beals, 103 R.I. 623, 635, 240 A.2d 397 (1968).
 
 
 13
 Our decision is not inconsistent with New York law. The decisions that appear to indicate that the insured has the absolute right to choose counsel where a conflict exists, see, e.g., Klein v. Salama, 545 F.Supp. 175, 179 (E.D.N.Y.1982) (New York law); Public Service Mutual Insurance Co. v. Goldfarb, 53 N.Y.2d at 401, 442 N.Y.S.2d 422, 425 N.E.2d 810; Prashker v. United States Guarantee Co., 1 N.Y.2d at 593, 154 N.Y.S.2d 910, 136 N.E.2d 871, are inapposite. The insurance contracts in those cases did not state that the insurer would be obligated to pay for defense costs only if it was permitted to participate in the selection of counsel. "An insured's right to be accorded legal representation is a contractual right." International Paper Co. v. Continental Casualty Co., 35 N.Y.2d 322, 325, 361 N.Y.S.2d 873, 320 N.E.2d 619 (1974). The contract here provided that Northbrook was not obligated to pay for VSL's counsel unless it consented to the choice of counsel. The terms of the contract govern unless they are against public policy. 4 Williston on Contracts Sec. 615A (3d ed. 1961). The participation of an insurer in the selection process does not automatically taint the independence of chosen counsel. Therefore, this provision is not contrary to public policy.
 
 
 14
 Northbrook's conduct following the May 28 judgment does not indicate a lack of good faith. Northbrook gave VSL the opportunity to submit a list of law firms acceptable to it from which one firm would be chosen. VSL declined the offer. Northbrook did not act in bad faith by refusing to permit Gold, Farrell to defend VSL. Gold, Farrell brought the third-party action against Northbrook, represented VSL in the proceeding leading to the May 28 judgment and instituted the contempt motion against Northbrook. Furthermore, Gold, Farrell continued to represent VSL with respect to its pending third-party claims. Northbrook might legitimately fear that, because of its prior adversarial relationship with Gold, Farrell, that firm might attempt to direct towards Northbrook any liability on VSL's part in the UDC action. It was not unreasonable for Northbrook to insist on counsel independent of both itself and VSL.
 
 
 15
 In addition, Northbrook's choice of Buckley, Treacy as independent counsel was not suspect. The firm evidently was experienced in construction litigation and it had had no prior dealings with Northbrook. The firm was instructed by Northbrook not to become involved in the third-party action. We conclude that continued representation by Buckley, Treacy will not deprive VSL of its right under New York law to independent counsel.
 
 
 16
 VSL's appeal from Judge Sand's order requiring Northbrook and Zurich to share equally in the costs of defense has two fundamental weaknesses. First, in order to have standing to appeal, VSL must have a stake in the outcome of the dispute. In other words, there must be a "direct injury suffered or threatened" by the order. Frothingham v. Mellon, 262 U.S. 447, 488, 43 S.Ct. 597, 601, 67 L.Ed. 1078 (1923). Here, VSL has no interest in the dispute between Northbrook and Zurich as to the temporary allocation of defense costs and is not injured by the court's resolution of the issue. VSL's sole concern is to have the costs of its defense that exceed the deductible amount paid by its insurers; the manner in which its insurers must temporarily share the costs is of no moment.[3] Second, there is nothing final about this order which would give us appellate jurisdiction under 28 U.S.C. Sec. 1291. Unlike the May 28, 1982 judgment, it was not certified as final under Fed.R.Civ.P. 54(b). The interim cost sharing decision does not "conclusively determine[ ] the rights of the parties to the litigation, leaving nothing for the court to do but execute the order." United States v. Sam Goody, Inc., 675 F.2d 17, 20 (2d Cir.1982). Neither does the appeal fall within the "collateral order" exception, because it does not "conclusively determine the disputed question." Flanagan v. United States, --- U.S. ----, ----, 104 S.Ct. 1051, 1055, 79 L.Ed.2d 288 (1984) (quoting Coopers & Lybrand v. Livesay, 437 U.S. 463, 468, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1978)).
 
 
 17
 The order of the district court denying VSL's motion for contempt and granting Northbrook's cross-motion for substitution of counsel is affirmed. The appeal of the district court's temporary allocation of defense costs is dismissed.
 
 
 
 [1]
 Northbrook brought a fourth-party action against Zurich
 
 
 [2]
 Moreover, "our intervention by way of appeal runs no risk of disrupting the orderly course of proceedings below," New York Telephone Co. v. Communications Workers of America, 445 F.2d 39, 45 (2d Cir.1971). By certifying the underlying decision under Rule 54(b), the district court indicated that it had considered the issues and had reached a final decision thereon
 
 
 [3]
 This is not to say that VSL is uninterested in the ultimate determination of liability for the costs of its defense. The Northbrook policy provides that the first $100,000 of defense costs is deductible; Zurich's deductible is $200,000. VSL maintains that Northbrook should pay all of its defense costs in excess of $100,000 until a total of $200,000 in costs has been incurred; it claims that Zurich should be liable for all defense costs beyond $200,000. The district court's decision merely requires the two insurers to share equally in the costs of defense "until such time as the issues of coverage are determined." 563 F.Supp. at 191. Thus, there has been no determination as to who will ultimately bear the costs of defense. VSL's ultimate right to reimbursement of its defense costs is in no way implicated at this time by the district court's decision