**SUFFOLK COUNTY PATROLMEN'S BENEVOLENT ASSOCIATION, INC.,** P.O. Robert Pfeiffer, P.O. Robert Ryan, P.O. Attila Nemes, P.O. Ray Campo, Det. Dennis Romano, P.O. Frank Delgaudio, P.O. Jim Meehan, P.O. Robert Pflaum, P.O. Bill Bennett, P.O. Rodger Larocca, P.O. Howard McAulby, P.O. Ed Fitzgerald, P.O. Sam Dejusus, P.O. Keith Fontana, P.O. Louis Bruno, P.O. Bruce Klimecki, P.O. Philip Buzzanca, P.O. Robert Haisman, P.O. Gerry Gozaloff, P.O. Arthur Dowling, Det. Anthony Bivona, P.O. Donald Berzolla, P.O. Frank Giuliano, P.O. John Niedzielski, P.O. Dennis Green, Det. John Christie, and Det. Frank Pacifico, Plaintiffs-Appellants,

v.

**COUNTY OF SUFFOLK;** James O. Patterson, individually and in his official capacity; Martin Ashare, individually and in his official capacity; John P. Finnerty, Jr., individually and in his official capacity; Christopher Termini, individually and in his official capacity, Defendants-Appellees.

No. 552, Docket 84–7841.

United States Court of Appeals, Second Circuit.

Argued Nov. 29, 1984.

Decided Jan. 3, 1985.

Eric F. Larsen, Hauppauge, N.Y. (DeMartin, Kranz, Davis & Hersh, Hauppauge, N.Y., of counsel), for plaintiffs-appellants.

Robert M. Calica, Garden City, N.Y. (Reisman, Peirez & Reisman, Garden City, N.Y., of counsel), for defendants-appellees Suffolk County, James O. Patterson and Martin Ashare.

Linda U. Margolin, East Setauket, N.Y. (Bracken & Jacoppi, East Setauket, N.Y., of counsel), for defendant-appellee Christopher Termini.

David Holmes, Merrick, N.Y. (Curtis, Zaklukiewicz, Vasile & Devine, Merrick, N.Y., of counsel), for defendant-appellee John P. Finnerty, Jr.

Before FRIENDLY, WINTER and PRATT, Circuit Judges.

PER CURIAM:

Appellant Suffolk County Patrolmen's Benevolent Association ("PBA") is the bargaining representative for policemen in

Suffolk County, New York. The individual appellants are Suffolk County police officers who are co-defendants with appellee Suffolk County in lawsuits brought under 42 U.S.C. § 1983 in both state and federal courts. The County originally sought to have the counsel representing it also represent the policemen. However, in *Dunton v. County of Suffolk*, 729 F.2d 903 (2d Cir.1984), *modified*, 748 F.2d 69 (2d Cir. 1984), we held that such multiple representation is likely to create an impermissible conflict of interest for the County's attorney in such lawsuits.

Appellants sued to compel the County to appoint independent counsel. Notwithstanding *Dunton*, the County has steadfastly maintained that these police officers were not entitled to independent counsel, and that the County's rather elaborate investigatory procedures are adequate for identifying cases in which a conflict requiring the appointment of independent counsel exists. The County recognized, however, that the filing of this lawsuit created such a conflict, and proposed to create a panel of three independent attorneys and to permit a defendant officer to pick one of the three to represent him. Appellants then abandoned their claims concerning the adequacy of the County's procedures for identifying conflicts that necessitate the appointment of independent counsel. Instead, appellants limited themselves to seeking a declaration that, once the need for appointment of outside counsel is recognized, they have an entitlement to an attorney of their own choice at County expense which the County impermissibly denies them by limiting their choice to one of a panel of three. Believing that the one-in-three procedure violates no such federally protected right, we do not reach the pendent state claims. *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

Appellants claim that the County's refusal to pay for counsel of their own choice facially deprives them of property and liberty rights without due process, and denies them equal protection. However, we recently stated that "It is not inherently objectionable to permit an insurer to participate in the selection of independent counsel for the insured as long as the insurer discharges its obligation in good faith and the attorney chosen is truly independent and otherwise capable of defending the insured." *New York State Urban Development Corp. v. VSL Corp.*, 738 F.2d 61, 65 (2d Cir.1984). An indemnitor has an interest in providing an effective defense for its indemnitee and in keeping the cost of that defense within reasonable bounds. Requiring independent counsel, but providing the indemnitor with some say in the selection, accommodates the interests of both parties. There is no basis, moreover, to assume that a member of the bar will disregard professional obligations simply because the County played a part in the selection process.

We therefore reject the claim that Suffolk County's policy is facially unconstitutional. For similar reasons, we perceive no cause to exercise our supervisory power and order Suffolk County to revise the selection procedures in question. Nothing we say, however, should be understood to preclude a challenge to counsel chosen under such procedures based on a factual showing of inadequate representation or other disqualifying facts in a particular case.

Affirmed.