30 F.3d 21
 SPHERE DRAKE INSURANCE COMPANY, Plaintiff-Appellee,
v.
P.B.L. ENTERTAINMENT, INC., individually and t/a Archies
and/or P.B.L. Entertainment d/b/a Industry; 50
Broadway, Ltd. & Philip Basile,
Defendants-Appellants,
Paul Shalsinger & Ronald Escobar, Defendants.
 No. 1135, Docket 93-7958.
 United States Court of Appeals,
Second Circuit.
 Argued Feb. 25, 1994.
Decided July 19, 1994.
 
 David H. Cohen, Hempstead, NY (Moritt, Hock & Hamroff, of counsel), for defendants-appellants.
 Mitchell R. Goldklang, New York City (Bivona & Cohen, of counsel), for plaintiff-appellee.
 Before: LEVAL, VAN GRAAFEILAND, Circuit Judges, and BEER, District Judge.*
 VAN GRAAFEILAND, Circuit Judge:
 
 
 1
 P.B.L. Entertainment, Inc., individually and t/a Archies and/or P.B.L. Entertainment d/b/a Industry; 50 Broadway, Ltd. & Philip Basile (hereinafter "defendants") appeal from a summary judgment of the United States District Court for the Eastern District of New York (Glasser, J.) holding that defendants' insurer, Sphere Drake Insurance Company, need not defend nor indemnify the defendants in two pending state court actions. We vacate, as prematurely decided, that portion of the judgment dealing with indemnification and reverse that portion dealing with the obligation to defend.
 
 
 2
 For purposes of this appeal, the pertinent facts are that Paul Shalsinger and Ronald Escobar allegedly were assaulted by bouncers in a nightclub owned by the defendants and they sued in state court asserting two causes of action for assault and battery and one cause of action based on the negligent hiring and maintaining of the belligerent bouncers. Thereafter, Sphere Drake brought the instant suit seeking a declaration that it need not defend nor indemnify the defendants, because its policy contained the following assault and battery exclusion clause:
 
 
 3
 It is agreed that no coverage shall apply under this policy for any claim, demand or suit based on Assault and Battery, and Assault and Battery shall not be deemed an accident, whether or not committed by or at the direction of the insured.
 
 
 4
 In holding that Sphere Drake could disclaim coverage for the acts of its insureds' bouncers, the district court stated in an unreported opinion that the policy "excludes coverage for negligent claims which are intertwined with an assault and battery inflicted by [the insureds' bouncers]." In so holding, the district court did not lack for precedential opinions.
 
 
 5
 In U.S. Underwriters Ins. Co. v. Val-Blue Corp., 91 Civ. 0496, 1992 WL 233880 (S.D.N.Y.1992), Judge Kram reached the same result in a factually similar case, stating:
 
 
 6
 Although the Siket complaint alleges that Val-Blue and Stephanos were negligent in hiring and training their employees, the Court finds that the negligence claim is based on the assault and battery claims as no negligence claim could be asserted in the Siket action without Siket alleging assault and battery by Stephanos.
 
 
 7
 For similar holdings in other jurisdictions see Terra Nova Ins. Co. v. Nanticoke Pines Ltd., 743 F.Supp. 293, 297-98 (D.Del.1990); Terra Nova Ins. Co. v. North Carolina Ted, Inc., 715 F.Supp. 688, 690-91 (E.D.Pa.1989); Terra Nova Ins. Co. v. Thee Kandy Store, Inc., 679 F.Supp. 476, 478 (E.D.Pa.1988).
 
 
 8
 Unfortunately, none of these cases involves New York law as interpreted by New York courts. However, there are two New York cases almost factually identical with the instant case and the Val-Blue decision of Judge Kram, supra, and in each New York case the court held that the negligence cause of action alleged in the underlying suit required the carrier to furnish a defense. The first of these holdings, U.S. Underwriters Ins. Co. v. Val-Blue Corp., was by Justice Cahn in Supreme Court, New York County on October 28, 1992; the second, U.S. Underwriters Ins. Co. v. Val-Blue Corp., was by Justice Tom in Supreme Court, New York County on December 13, 1993. Neither of these cases was officially reported. However, the first judgment was affirmed by the Appellate Division of the Supreme Court, First Department, on January 13, 1994. 200 A.D.2d 449, 608 N.Y.S.2d 810 (1st Dep't 1994). Although, the appellate court wrote no opinion, it indicated its agreement with the reasoning of Justice Cahn. This affirmance post-dated the district court's decision below. However, we are familiar with it, and, guided by the precepts of Erie R.R. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), we must give it due and proper consideration. This means that in this case, based as it is on diversity of citizenship, we must apply the law of New York on outcome determinative issues. Travelers Ins. Co. v. 633 Third Associates, 14 F.3d 114, 119 (2d Cir.1994).
 
 
 9
 Although the ultimate New York authority on the issue now before us would, of course, be the New York Court of Appeals, in the absence of a Court of Appeals decision squarely on point or an indication that the Court of Appeals is likely to disagree with the holdings of the Appellate Division, those holdings are entitled to "persuasive, if not decisive, consideration." In re Eastern and Southern Districts Asbestos Litigation, 772 F.Supp. 1380, 1389 (E. & S.D.N.Y.1991). In other words, we must follow the above-cited decision of the Appellate Division, First Department "in the absence of convincing evidence that the [New York Court of Appeals] would decide differently." Stoner v. New York Life Ins. Co., 311 U.S. 464, 467, 61 S.Ct. 336, 338, 85 L.Ed. 284 (1940).
 
 
 10
 The issue herein is relatively narrow in scope. Moreover, the problem presented probably can be eliminated by a policy change that more clearly defines the exclusions. See, e.g., discussion of the phrase "act or omission in connection with the prevention or suppression" of an excluded act such as assault and battery, in the following cases: United Nat'l Ins. Co. v. Entertainment Group, Inc., 945 F.2d 210, 214 & n. 4 (7th Cir.1991); Stiglich v. Tracks, D.C., Inc., 721 F.Supp. 1386, 1388 (D.D.C.1989); see also United Nat'l Ins. Co. v. The Tunnel, Inc., 988 F.2d 351, 353-54 (2d Cir.1993). Under these circumstances, we deem it unlikely that the New York Val-Blue case will reach the New York Court of Appeals. If it does, we believe it likely it will be affirmed.
 
 
 11
 The New York Court of Appeals has made it abundantly clear that, when in an action against an insured alternative grounds of liability are asserted, some within and some without the coverage of the insurance policy, the insurer is obligated to furnish a defense. See Utica Mutual Ins. Co. v. Cherry, 38 N.Y.2d 735, 737, 381 N.Y.S.2d 40, 343 N.E.2d 758 (1975); International Paper Co. v. Continental Casualty Co., 35 N.Y.2d 322, 325-27, 361 N.Y.S.2d 873, 320 N.E.2d 619 (1974). This does not mean that a plaintiff can secure insurance representation for the defendant simply by artfully inserting the word "negligence" somewhere in his complaint. For example, there is no such thing as a negligent assault. United Nat'l Ins. Co., supra, 988 F.2d at 353. However, where, as here, the injured plaintiff has made a seemingly bona fide claim of negligent injury, the fact that the claim might be tenuous and difficult of proof does not deprive the insured of the right to receive a complete defense.
 
 
 12
 That portion of the judgment below relieving Sphere Drake of the duty to indemnify its insureds is vacated as prematurely granted; that portion relieving Sphere Drake of the duty to defend its insured is reversed and the matter is remanded to the district court with instructions to decide this issue in favor of the defendants.
 
 
 
 *
 The Honorable Peter Beer, United States District Judge for the Eastern District of Louisiana, sitting by designation