[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM — DEFENDANT'S MOTION IN LIMINE re: ISSUE OF INTENT
The plaintiff, the Estate of Susan Rice, has sued Donald Cole Jr., the convicted murderer of Susan Rice[1] and his parents Donald Cole Sr. and Joan Cole claiming their negligence resulted in her death. The defendant Donald Cole, Jr. seeks in this motion inlimine to preclude any evidence on the issue of "negligence" in connection with his alleged injuries to the plaintiff Susan Rice. Defendant argues that this issue was decided in his criminal trial where he was found to have "intentionally" caused her death. The plaintiff argues that there isn't sufficient privity to invoke the doctrine of collateral estoppel and that the doctrine should not be applied since the criminal conviction is not a final judgment.
"As a general rule, judgments in criminal cases are inadmissible in civil proceedings to prove the acts charged.Unless the judgment satisfies the usual requirements of resjudicata or collateral estoppel, a judicial determination of a fact in one case is not admissible in another case to prove the same fact. . . . [T]he judgment itself is hearsay evidence that does not fall into any recognized exception. It matters not whether the first judgment case was a criminal one and the second one a civil one, or vice versa. . . ." (Emphasis added.) (Citations omitted.) C. Tait J. LaPlante, Connecticut Evidence
(2d Ed. 1988) § 11.15.4, p. 397.
"Where an issue of ultimate fact (1) was fully and fairly litigated in a prior [proceeding] between the parties, (2) was actually decided . . . in that prior [proceeding], and (3) was necessary to the judgment rendered in the prior [proceeding], that factual determination may be given collateral estoppel effect in a subsequent action between the parties." (Internal quotation marks omitted.) Heritage Village Master Assn., Inc. v. Heritage VillageWater, Co., 30 Conn. App. 693, 698, 622 A.2d 578 (1993).
Donald Cole, Jr.'s conviction is a final judgment for collateral estoppel purposes. A criminal case [is] terminated by CT Page 7924 a final judgment when the defendant [is] sentenced by the court.State v. Coleman, 202 Conn. 86, 89, 519 A.2d 1201 (1987); State v.Van Sant, 198 Conn. 369, 374 n. 5, 503 A.2d 557 (1986); State v.Sanabria, 192 Conn. 671, 682, 474 A.2d 760 (1984)." AetnaCasualty Surety v. Gentile, Superior Court, judicial district of New Haven, Docket No. 353207 (March 22, 1994, Fracasse, J.). See, e.g., State v. Piorkowski, 236 Conn. 388, 401, 672 A.2d 921 (1996) ("[t]he thirty year sentence that was imposed on the defendant here constituted a final judgment"). See also Bird v. Plunkett,17 Conn. Sup. 368, 373 (1951). ("[O]ne accused of crime is tried in a criminal court, and a final adjudication in such court is conclusive. There is nothing in the laws of this state that gives one the right to by-pass a final adjudication in a criminal court in an effort to prove one guilty of some other crime in a civil proceeding").[2] Furthermore, Connecticut General Statutes § 52-263
provides, in relevant part, that "[u]pon the trial of all matters of fact in any cause or action in the superior court, whether to the court or jury . . . if either party is aggrieved by the decision . . . he may appeal to the court having jurisdiction fromthe final judgment of the court or such judge . . ." (Emphasis added.) Id.
Nevertheless, the Court agrees with the plaintiff that collateral estoppel is not properly applied here because a lack of privity exists between the parties. "It is a violation of due process for a judgment to be binding on a litigant who was not a party or a privy and therefore has never had an opportunity to be heard." Parklane Hosiery Co., Inc. v. Shore, 439 U.S. 322, 327
n. 7, 99 S.Ct. 645, 649 n. 7, 58 L.Ed.2d 552 (1979).
"[C]ollateral estoppel precludes a party from relitigating issues and facts actually and necessarily determined in an earlier proceeding between the same parties or those in privity with themupon a different claim." (Emphasis added.) Mazziotti v. AllstateIns. Co., 240 Conn. 799, 812, 695 A.2d 1010 (1997). "To invoke collateral estoppel the issues sought to be litigated in the new proceeding must be identical to those considered in the prior proceeding." (Internal quotation marks omitted.) Id. "Issue preclusion . . . requires an identity of issues between the prior and subsequent proceedings and operates only against the same parties or those in privity with them." Id. at 813.
"In determining whether privity exists, we employ an analysis that focuses on the functional relationship of the parties. . . . it is . . . [a] statement for the principle that collateral CT Page 7925 estoppel should be applied only when here exists such an identification in interests of one person with another as to represent the same legal rights so as to justify preclusion."Mazziotti v. Allstate Ins. Co., supra, 240 Conn. 814.
The defendant argues that Aetna Casualty Surety Co. v.Jones, 220 Conn. 285, 297, 596 A.2d 414 (1991) is precedent which allowed collateral estoppel as to the issue of intent under circumstances similar to the instant matter. That case was an action for declaratory judgment brought by the estate of the victim wife against her husband, her convicted murderer, to determine whether the estate was entitled to make a claim under their homeowner's insurance policy. The court in that matter said that collateral estoppel could be invoked against a party to a prior adverse proceeding or against those in privity with that party and that the key consideration in determining privity was the sharing of the same legal right by the parties allegedly in privity. Id. at 304. The court found that the insured husband felon and his wife's estate shared an identical legal right and that there was privity. That court cited Safeco Ins. Co ofAmeerica v. Yon, supra in which an Idaho court dealt with the identical fact situation as presented in Aetna Casualty. "Therefore, in this limited context we conclude that this relationship is sufficient to constitute privity . . ."[3] Id.
at 371. damages (quotation marks omitted; emphasis added.) Id.
at 304-05.
"While it is commonly recognized that privity is difficult to define, the concept exists to ensure that the interests of the party whom collateral estoppel . . . is being asserted have been adequately represented because or his purported privity with a party at the initial proceeding. . . . Privity is not established be the mere fact that persons may be interested in the same question or in proving or disproving the same set of facts. Rather, it is . . . a shorthand statement for the principle that collateral estoppel should be applied only when there exists such an identification in interests of one person with another as to represent the same legal rights so as to justify preclusion." (Citations omitted; internal citations omitted.) Mazziotti,
supra, 240 Conn. 813-14.
The court can not find therefore that privity exists in the instant action as there is an absence of identity of "legal rights" at issue. In Mazziotti the Supreme Court held that privity does not exist where the causes of action differ. The CT Page 7926 court addressed the issue of privity in terms of "whether, in an action by the plaintiff insured to recover damages under the uninsured/underinsured motorist provision of his automobile insurance policy issued by the defendant insurance company, the defendant is bound by the judgment obtained by the insured in his prior action against the tortfeasor." Id. at 800. The Supreme Court held that "[the tortfeasor] and [the insurance company] did not share the same legal right, they were not in privity. The substance of the cause of action [against the tortfeasor] in the first trial was an action in tort; specifically, whether [the tortfeasor] was liable to the plaintiff for the negligent operation of his motor vehicle. An action to recover under an automobile insurance policy, on the other hand, is not an action in tort but, rather, an action in contract. . . . The commonality of interest in proving or disproving the same facts is not enough to establish privity." (Citations omitted; internal quotation marks omitted.) Id. at 817.
Moreover, "[i]n State v. Fritz, 204 Conn. 156, 170,527 A.2d 1157 (1987), the Supreme Court upheld the trial court's denial of the defendant's motion to dismiss an information on the ground that the doctrine of collateral estoppel precluded the relitigation of issues in the criminal proceeding, as the same issues had been fully and fairly litigated in the defendant's favor in the proceeding before the commissioner of consumer protection. In finding that no privity existed between the State's Attorneys Office and the Department of Consumer Protection, the court concluded that their legal interests were dissimilar." Young v. Metro. Prop. Casualty Ins. Co., Superior Court, judicial district of New Haven, Docket No. 380614 (March 5, 1998, Hartmere, J.).
Furthermore, courts in neighboring jurisdictions have held that privity should not be found to bar an administrator of an estate from relitigating the issue of intent that was previously determined in a criminal trial. The Massachusetts Supreme Court has held that an executor of a deceased's estate "should not be precluded from attempting to show in his wrongful death action that [the criminal defendant] did not expect or intend the shooting and the resulting death." Massachusetts Property Ins. v.Norrington, 395 Mass. 751, 481 N.E.2d 1364, 1367 (Mass. 1985). The Massachusetts Supreme Court reasoned that "[i]n the criminal case, [the former criminal defendant] had his day in court. [The executor of the victim's estate; however, has had no opportunity to litigate the question whether [the former criminal defendant] CT Page 7927 expected or intended to shoot. . . . Fairness requires that he be given that opportunity. By not applying issue preclusion . . . we place no undue burden on [the insurer of the former criminal defendant] . . . [who] seeks only to enjoy the benefit of a finding in a case to which it was not a party." Id. at 1368. See also Utica Mutual Ins. Co. v. Cherry, 45 A.2d 350, 354,358 N.Y.S.2d 519, affirmed, 38 N.Y.2d 735, 343 N.E.2d 758,381 N.Y.S.2d 40 (1975).
In this case it is clear that the legal interests of Irons are dissimilar to those of the State of Connecticut in its prosecution of Donald Cole, Jr.. Therefore, collateral estoppel can not be asserted because of a lack of privity between the parties in the prior criminal proceeding and the instant civil action.
Therefore, based on the foregoing, the court will deny Donald Cole, Jr.'s, motion in limine.
PELLEGRINO, J.