[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 10, 2006
THOMAS K. KAHN
CLERK

No. 06-11501
Non-Argument Calendar

_____

D. C. Docket No. 03-00071-CV-6

JOHN RUDDIN BROWN,

Plaintiff-Appellant,

versus

LISA JOHNSON,
DOCTOR PRESNELL,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(October 10, 2006)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

John Ruddin Brown, a Georgia prisoner proceeding pro se and in forma pauperis, appeals the denial of his motion for a preliminary injunction. He argues that the district court abused its discretion by finding, without holding an evidentiary hearing, that prison officials were complying with an extant injunction to provide Brown adequate medical care. We affirm.

## I. BACKGROUND

Brown suffers from HIV, Hepatitis C, and a skin disorder. In 2003, Brown filed an action against his doctor and the Medical Administrator for the Georgia State Prison for their alleged deliberate indifference to Brown's serious medical needs. 42 U.S.C. § 1983. After this Court reinstated Brown's complaint following its dismissal, see Brown v. Johnson, 387 F.3d 1344 (11th Cir. 2004), the district court entered a preliminary injunction that required prison officials to provide Brown with "proper medical treatment for his HIV, Heptatis C, and skin disorder." The district court enjoined the prison officials to (1) transport Brown to Augusta State Medical Prison to be seen by Dr. Presnell; (2) provide Brown with his prescribed HIV and Hepatitis C medications, Benadryl and Dove soap for his skin condition, and any other necessary medicine; and (3) provide Brown with any other care or treatments recommended by specialists or other physicians.

In June 2005, Brown filed a motion for a second preliminary injunction that

requested the same relief as his first motion for an injunction. Brown accused the prison officials of continuing to deny proper medication and treatment, and the prison officials responded that they were in compliance with the extant injunction. The prison officials filed an affidavit by Dr. Tommy Lee Jones who averred that his clinic provided holistic care for Brown and that Brown received all the medication he had been prescribed. The prison officials also submitted Brown's medical records, which corroborated Jones's affidavit. The district court denied Brown's motion for an injunction. Over the next few months, Brown continued to move for more preliminary injunctions based upon his earlier contentions that the defendants were not complying with the preliminary injunction entered by the district court.

On February 1, 2006, the district court denied Brown's third motion for an injunction, which had been filed on January 28, 2006. Brown renewed his motion for a preliminary injunction the same day and, later that month, filed a notice of appeal. Because Brown mailed his notice of appeal before the district court could deny his February 1, 2006 motion, we consider his appeal to be from the denial of his January 28, 2006 motion.

## II. STANDARD OF REVIEW

Two standards of review are relevant to this appeal. First, we review a

denial of a preliminary injunction for an abuse of discretion.  See Sierra Club v. Georgia Power Co., 180 F.3d 1309, 1310 (11th Cir. 1999).  Second, we review our subject matter jurisdiction de novo.  Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001).

## III. DISCUSSION

Brown argues that the district court erred when it denied his motion without granting Brown an evidentiary hearing.  We disagree.  Whether we construe Brown's motion as a motion for a successive preliminary injunction or as a motion to hold the defendants in contempt, Brown's appeal fails.

The district court did not abuse its discretion when it denied Brown's motion for a preliminary injunction to enforce an earlier injunction.  "[T]he proper method of enforcing [an injunction] is not a 'motion to enforce' or similar plea for the court to 'do something' about a violation of the [injunction]."  Thomason v. Russell Corp. 132 F.3d 632, 634 n.4 (11th Cir. 1998).  "Precedent dictates that a plaintiff seeking to obtain the defendant's compliance with the provisions of an injunctive order move the court to issue an order requiring the defendant to show cause why he should not be held in contempt and sanctioned for his noncompliance."  Wyatt v. Rogers 92 F.3d 1074, 1078 n.8 (11th Cir. 1996).

Even if we were to construe Brown's pro se motion for a preliminary

4

injunction liberally, see Jackson v. Reese, 608 F.3d 159, 160 (11th Cir. 1979), and treat it as a motion for the district court to order that prison officials show cause as to why they should not be held in civil contempt, Brown's appeal would fail because we would lack jurisdiction to review it. Our jurisdiction extends to appeals from a limited class of interlocutory orders, 28 U.S.C. § 1292, but that class does not include an order denying a motion for civil contempt. "[T]he denial of a motion for civil contempt may only be appealed after the conclusion of the principal action rather than in its course." New York State Urban Development Corp. v. VSL Corp., 738 F.2d 61, 64 (2d Cir. 1984). Cf. Combs v. Ryan's Coal Co., Inc., 785 F.2d 970, 976 (11th Cir. 1986) ("Generally a finding of civil contempt is not reviewable on interlocutory appeal.").

## IV. CONCLUSION

The denial of Brown's motion is **AFFIRMED.**