EMMA LEISER, Respondent, *v.* ALICE SUTCLIFFE McDOWELL and
ALICE GANN, as Executrices of the Last Will and Testament of
ALBERT McDOWELL, Deceased, Appellants.

*Action for money loaned — when based, not on an account stated, but upon an
admission of indebtedness — variance between proof and pleading — pleading
deemed to be amended.*

The complaint in an action brought to recover moneys alleged to be due to the
plaintiff from one Albert McDowell, the defendant's testator alleged, "That
prior to April 5, 1895, Albert McDowell was indebted to plaintiff upon a
balance of account for money loaned to him; that on or about April 5, 1895,
an account was taken and stated between plaintiff and said Albert McDowell,
deceased; that upon such statement a balance of ($3,476.89) Thirty-four hun-
dred seventy-six and 89/100 dollars was found due to the plaintiff from said
Albert McDowell, deceased, which sum he promised and agreed to pay, and
has from time to time made certain payments on account thereof, leaving a
balance unpaid and due to the plaintiff of Fourteen hundred eighty-two 45/100
($1,482.45) dollars, no part of which has been paid, although payment thereof
has been duly demanded." The answer admitted that the testator had borrowed
money from the plaintiff and had made payments thereon from time to time,
but denied, upon information and belief, the allegations of the complaint con-
cerning the statement of the account, and also, upon information and belief,
that any sum was due to the plaintiff.

Upon the trial the plaintiff was permitted, without objection, to prove that in
September, 1898, McDowell sent for the plaintiff's attorney and told him that
on April 5, 1895, he struck a balance of his indebtedness to the plaintiff and
found that on that day he owed $3,476.89, and that he asked the attorney to
see the plaintiff and arrange with her for the payment of such balance.

The plaintiff testified that in September, 1898, shortly after the death of
McDowell, the attorney communicated to her the conversation had with
McDowell, and that she stated to the attorney that she was willing to settle
her account with McDowell on the basis of the balance struck by him on April
5, 1895; that between April 5, 1895, and September 18, 1898, McDowell had
made payments to the plaintiff on account of his indebtedness, so that the
amount due at the time of his death was $1,482.45.

The defendant offered no evidence, but, at the close of the plaintiff's case, moved
to dismiss the complaint, on the ground "that the complaint sets forth an
account taken and stated between the plaintiff and the defendant on April 5th,
1895, whereas the proof of plaintiff herein sets forth an account stated as of
September, 1898." This motion was denied, and the court directed a verdict
in favor of the plaintiff.

*Held,* that the judgment should be affirmed;

That the action was not brought upon the account taken and stated, but for an
amount of money which defendant's testator had acknowledged to the plain-

tiff's attorney that he owed the plaintiff, and that the allegation in reference to the account taken and stated in 1895 was merely a recital of the facts upon which the plaintiff based her right of recovery;

That, assuming that there was a variance between the pleading and the proofs, the court might, especially as the evidence had been admitted without raising the objection of variance, properly deem the pleading to have been amended in accordance with the proof, as provided in section 723 of the Code of Civil Procedure.

APPEAL by the defendants, Alice Sutcliffe McDowell and another, as executrices, etc., of Albert McDowell, deceased, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 2d day of November, 1901, upon the verdict of a jury rendered by direction of the court.

The notice of appeal states that the defendants also appeal from the order directing the verdict. No such order, however, appears in the record.

*George B. Class* [*Roswell S. Nichols* with him on the brief], for the appellants.

*Paul Eugene Jones* [*Charles J. Dodd* with him on the brief], for the respondent.

WOODWARD, J.:

The plaintiff brought this action against the defendants as executrices of the last will and testament of Albert McDowell, deceased, to recover the sum of $1,482.45, being a balance alleged to be due the plaintiff from defendants' testator. The complaint alleges "That prior to April 5, 1895, Albert McDowell was indebted to plaintiff upon a balance of account for money loaned to him; that on or about April 5, 1895, an account was taken and stated between plaintiff and said Albert McDowell, deceased; that upon such statement a balance of ($3,476.89) Thirty-four hundred seventy-six and 89/100 dollars was found due to the plaintiff from said Albert McDowell, deceased, which sum he promised and agreed to pay and has from time to time made certain payments on account thereof, leaving a balance unpaid and due to the plaintiff of Fourteen hundred eighty-two 45/100 ($1,482.45) dollars, no part of which has been paid, although payment thereof has been duly demanded."

SECOND DEPARTMENT, MARCH TERM, 1902.　　　[Vol. 69.

Upon the trial of the action the plaintiff was permitted to prove, without any suggestion that the evidence was not within the pleadings, that in September, 1898, Albert McDowell sent for one Jones, who had acted and is still acting as the plaintiff's attorney, and stated to him that on April 5, 1895, he, Mr. McDowell, had struck a balance of his indebtedness to the plaintiff, and found that on that day he owed her $3,476.89; that he asked Mr. Jones to see the plaintiff and arrange with her for the payment of this balance. The plaintiff testified that in September, 1898, shortly after the death of Albert McDowell, Mr. Jones communicated to her the conversation he had had with Albert McDowell, and that the plaintiff stated to Mr. Jones that it was satisfactory to her to settle her accounts with Albert McDowell on the basis of the balance struck by him on April 5, 1895. She also testified that between April 5, 1895, and September, 1898, Albert McDowell made payments on account of his indebtedness to her so that the amount actually due at the time of the testator's death was $1,482.45. The defendants admitted by their answer that Albert McDowell did owe the plaintiff money which he had borrowed from her, and that he made payments on the same from time to time, but denied having sufficient knowledge to form a belief as to whether an account was taken and stated at the time alleged in the complaint, and that upon such statement there was found to be due the amount alleged. They also denied, upon information and belief, that the sum of $1,482.45, or any sum, is now due and owing the plaintiff from the estate of Albert McDowell, and they allege on information and belief that the indebtedness had been fully paid and satisfied. They also alleged that the six months' Statute of Limitations operated as a bar to the action. The defendants offered no evidence in support of their contentions, and at the close of plaintiff's case moved for a dismissal of the complaint on the ground "that the complaint sets forth an account taken and stated between the plaintiff and the defendant on April 5th, 1895, whereas the proof of plaintiff herein sets forth an account stated as of September, 1898." The court, upon the motion of plaintiff, directed a verdict for the amount claimed by the plaintiff, and from the judgment entered appeal comes to this court.

This appeal proceeds upon the theory that the plaintiff having

alleged that an account was taken and stated between plaintiff and defendants on or about the 5th day of April, 1895, and the proof showing that the fact of such statement not having come to the attention of the plaintiff until after the death of Mr. McDowell in 1898, that there was no meeting of minds, and that there was, therefore, a failure to show a technical taking and stating of accounts. If we read the pleadings aright, the action was not a technical action upon an account taken and stated, but for an amount of money due to the plaintiff from the defendants' testator which he had acknowledged to her attorney. The action is not upon the account taken and stated in 1895, but the pleadings merely allege that there was such an account taken and stated on that date, and that since that time the defendants' testator has made payments on the basis of that account, so that at the time of bringing the action the sum due had been reduced to $1,482.45. The action was to recover the amount due to the plaintiff at the time of the commencement of the action, and the allegation in reference to an account taken and stated in 1895 was merely a recital of the facts on which the plaintiff based her right of recovery. Mr. McDowell was a brother of the plaintiff, and the evidence shows that he was the only one who kept an account; he acknowledged to the plaintiff's attorney that on the 5th day of April, 1895, he owed the plaintiff a certain sum of money, and this statement of the account was accepted by the plaintiff as the basis of her computation of what was owing to her, and the evidence is sufficient to support the judgment. It is only necessary, in an account stated, that there shall be an assent, expressed or implied, by the party to be charged ( *Volkening* v. *De Graaf*, 81 N. Y. 268, 271); it is an admission, and *prima facie* evidence against the party making it, but does not estop him from showing the truth. (*Champion* v. *Joslyn*, 44 N. Y. 653.) Defendants' testator, who alone kept an account, stated that he had balanced his account with the plaintiff on a given day, and that he owed her a certain amount on that day. The plaintiff accepts this as a true statement of the account when the fact is brought to her knowledge, and gives Mr. McDowell credit for subsequent payments, and demands the remainder due. The proof of the plaintiff, in connection with the admissions of the answer, establishes the facts alleged in the complaint, and the judgment follows logically and necessarily. If

there was any variance between the allegations of the complaint and the proofs, the evidence was admitted without raising this objection, and the pleadings may properly be deemed to have been amended to accord with the proof, as provided in section 723 of the Code of Civil Procedure. The defendants have not attempted to make any defense upon the merits, and as no substantial rights are involved in the alleged variance between the pleadings and the proofs, it would serve no good purpose to reverse the judgment. Substantial justice has been done, and the judgment should be affirmed.

Judgment appealed from affirmed, with costs.

All concurred.

Judgment affirmed, with costs.