The People of the State of New York, Respondent, v. Frank Torresi, Appellant.— Motion for leave to appeal to the Court of Appeals denied. Present — Nolan, P. J., Johnston, Adel, Wenzel and MacCrate, JJ. [See *ante*, p. 788.]

∎

Cherne Abrams, Respondent, v. Maryland Casualty Company, Appellant. — In an action, under section 167 of the Insurance Law, to recover upon a policy of automobile liability insurance, judgment entered on an order granting respondent's motion for summary judgment affirmed, with $10 costs and disbursements. No opinion. Johnston, Acting P. J., Sneed, Wenzel and MacCrate, JJ., concur; Adel, J., dissents and votes to reverse the judgment and to deny the motion, on the ground that the moving papers fail to set forth evidentiary facts establishing the cause of action sufficiently to entitle plaintiff to judgment under rule 113 of the Rules of Civil Practice.

∎

Bomptin Realty Co., Inc., Respondent, v. City of New York, Appellant.— In an action to recover damages for the unauthorized dumping of waste material upon real property, judgment for plaintiff reversed on the facts and a new trial granted, with costs to appellant to abide the event, unless plaintiff, within ten days from the entry of the order hereon, stipulate to accept as damages the sum of $3,000, in which event the judgment, as so modified, is unanimously affirmed, without costs. In the light of all of the circumstances the award for the filling in of the swampland was excessive. Carswell, Johnston, Sneed and Wenzel, JJ., concur; Nolan, P. J., concurs, but adheres to the views expressed in his memorandum in *Bomptin Realty Co.* v. *City of New York* (276 App. Div. 1094).

∎

Lewis Bowman, Respondent, v. E. Post Tooker et al., Appellants, et al., Defendants.— Order denying motion to compel plaintiff to amend the complaint so as to separately state and number causes of action and to make more definite and certain stated allegations thereof affirmed, with $10 costs and disbursements. Appellants may answer the complaint within ten days after entry of the order hereon. As we read the complaint, it alleges but one cause of action upon a single contract of employment for the amount alleged to be due plaintiff at the commencement of the action, and the reference therein to an account stated for the year 1949 is merely an evidentiary allegation, not the statement of another cause of action. (*Leiser* v. *McDowell*, 69 App. Div. 444, 447; *Pittsfield Nat. Bank* v. *Tailer*, 60 Hun 130, 131; *McKinney* v. *C. I. T. Corp.*, 263 App. Div. 1066; *Payne* v. *New York, S. & W. R. R. Co.*, 201 N. Y. 436, 441.) Johnston, Acting P. J., Adel, Sneed, Wenzel and MacCrate, JJ., concur.