■ RICHARD A. FELDMAN, Appellant, v. FIAT ESTATES, INC., et al., Respondents.— In an action by a real estate broker to recover a commission, plaintiff appeals from an order of the Supreme Court, Queens County, entered August 20, 1965, which denied his motion for summary judgment against the two corporate defendants, pursuant to CPLR 3212, and for a severance of the action as against the remaining individual defendants, pursuant to CPLR 603. Order modified so as to (1) grant plaintiff summary judgment against defendant Fiat Estates, Inc., and (2) sever the action as against the remaining defendants. As so modified, order affirmed, with $10 costs and disbursements to plaintiff against defendant Fiat Estates, Inc. Plaintiff rested his claim for summary recovery against defendant Fiat Estates, Inc., on documentary proof that Fiat had contracted to purchase all the capital stock of another real estate corporation, which held a contract to purchase certain land. In the agreement to purchase said stock, plaintiff's role as the broker who had effected that

agreement was expressly recognized and Fiat expressly undertook, in place of the seller, to pay plaintiff his commission. In a subsequently executed " broker's agreement" (on a printed form supplied by Fiat) plaintiff agreed to defer that payment, in an inserted provision, until " one year from closing of title, or upon resale of property or assignment of contract." In our opinion, plaintiff has demonstrated, and the defendants have not disputed, the occurrence of the first and third of these events, either of which matured Fiat's obligation to pay the commission now sought. That the agreement took the form of a sale of stock rather than a transfer of the seller's contract to purchase the property involved does not defeat plaintiff's right to recover (*Rubin* v. *M. S. W. Hotels*, 275 App. Div. 829; *Morad* v. *Haddad*, 329 Mass. 730). Nor was plaintiff's documentation of his own case self-contradictory because of the printed references in the " broker's agreement" to the liability for commission being the seller's (rather than the purchaser's). It is uncontroverted that, at the time this agreement was executed, the purchaser, Fiat, and not the seller (who was not a party to it), was under an obligation to pay the commission. Thus, to adopt the construction urged by defendants would render the agreement meaningless. A contrary construction is mandated by the facts in this case, and authorized by the well-settled rule resolving conflicts between printed provisions in an agreement with those inserted by the parties by giving controlling effect to the latter (*Kratzenstein* v. *Western Assur. Co.*, 116 N. Y. 54, 57; *Laurino* v. *Hewman*, 10 A D 2d 725). Ughetta, Acting P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.