■ HARRIET HENDRICKSON, as Executrix, Respondent, v. LEXINGTON OIL Co., INC., Appellant.— In a summary proceeding to recover possession of real property based on nonpayment of rent, the tenant appeals (by permission) from an order of the Appellate Term of the Supreme Court, Ninth and Tenth Judicial Districts, dated August 15, 1972, which affirmed a judgment of the District Court, Suffolk County, Fifth District, entered February 25, 1972, in favor of the landlord. Order of this court, dated October 4, 1972, which granted permission to appeal, is hereby amended to show that the order appealed from is the one dated August 15, 1972, instead of the one dated September 9, 1972. Order of the Appellate Term dated August 15, 1972 reversed and judgment of the District Court modified, on the law, by striking therefrom the decretal provisions awarding possession of the premises to the landlord and directing that a warrant may issue. Judgment of the District Court, as so modified, affirmed, with costs to appellant. Paragraph 40 of the lease reads: "Notwithstanding any provision of this lease, the landlord agrees that he will give the tenant, or its assigns, 30 days' notice by registered mail of any default on the part of the tenant, and the tenant shall have the right to cure such default within said 30 days, before the landlord shall be entitled to commence any proceeding to enforce his rights hereunder, *except, however, for default in rent for which the tenant shall be entitled to only 10 days' notice*" (italics supplied). The tenant defaulted in the payment of rent. In our opinion, the provision of the lease required the landlord to serve a 10-day notice of a rent default by registered mail. The landlord concedes that no notice of the rent default was ever sent to the tenant by registered mail. The failure so to do mandates that the award of possession of the leased premises to the landlord be reversed. Paragraph 40 constitutes a condition rather than a conditional limitation and,

since it forms part of a typewritten rider to the lease, it must be deemed to supersede paragraph 17, a printed clause in the standard form lease. Following the trial of this case, the tenant deposited the amount of the judgment plus costs in the office of the clerk of the District Court. An order of that court, dated March 7, 1972, directed payment of the amount so deposited to the land-lord. The subsequent payment of this money to the landlord both satisfied the judgment and cured the rent default. As a consequence, we need only modify the District Court judgment by striking therefrom the provisions (1) awarding possession of the premises to the landlord and (2) permitting the issuance of a warrant to enforce execution of the judgment. Martuscello, Acting P. J., Latham, Shapiro, Christ and Brennan, JJ., concur.