■ UNITED STATES FIDELITY AND GUARANTY COMPANY, Appellant, v THOMAS COPFER, Respondent. (Appeal No. 1.)—Judgment unanimously modified in accordance with the memorandum herein, and, as modified, affirmed, without costs. Memorandum: In a negligence action against Thomas Copfer, his parents' insurance carrier, United States Fidelity & Guaranty Co. (USF &G) disclaimed liability and refused to defend. The Copfers retained private counsel who at all times informed USF&G of the progress of the litigation and repeatedly requested it to defend the action. Judgment in that action was entered against the defendant, Thomas Copfer, in the amount of $78,862.60, which was $53,862.20 over the limits of the policy. USF&G commenced a declaratory judgment action against the defendants to determine coverage under the policy and both parties moved for summary judgment. Judgment was entered for defendants in amounts representing (1) the total amount of the policy ($25,000); (2) that portion of the judgment against Copfer which exceeded the policy limits; (3) counsel fees, costs and disbursements for defense of the underlying action. USF&G appeals from those judgments. An insurance carrier's obligation to defend under the policy is separate and distinct from its obligation to pay and is much broader *(McGroarty v Great Amer. Ins. Co.,* 36 NY2d 358; *Goldberg v Lumber Mut. Cas. Ins. Co. of N. Y.,* 297 NY 148; *Utica Mut. Ins. Co. v Cherry,* 45 AD2d 350, affd 38 NY2d 735; *Marine Midland Servs. Corp. v Kosoff & Sons,* 60 AD2d 767). The duty to defend arises when the allegations of the pleadings can be construed so as to encompass the risk undertaken by the insurer, no matter how groundless, false or fraudulent they may turn out to be *(Goldberg v Lumber Mut. Cas. Ins. Co. of N. Y., supra; Lionel Freedman, Inc. v Glens Falls Ins. Co.,* 27 NY2d 364, mot for rearg den 28 NY2d 859; *Commercial Pipe & Supply Corp. v Allstate Ins. Co.,* 36 AD2d 412, affd 30 NY2d 619). If the insurer is to be relieved of its duty to defend, it must show that the allegations rest solely and entirely within the exclusions of the policy and that the allegations are subject to no other interpretation *(International Paper Co. v Continental Cas. Co.,* 35 NY2d 322; *McGroarty v Great Amer. Ins. Co., supra).* The allegations of negligence in the pleadings in the underlying action were clearly within the coverage of the policy. In making its decision to disclaim, it assumed the risk as to what might be proven against its insured *(McGroarty v Great Amer. Ins. Co.,*

*supra,* p 365) and cannot go behind the judgment to raise defenses with respect to the merits *(Manard v Hardware Mut. Cas. Co.,* 12 AD2d 29, mot for rearg or for lv to app den 12 AD2d 891). USF&G clearly breached its obligation to defend under the policy and is consequently liable for the amount of the judgment within the policy limits plus the costs of defense to the insured *(Gordon v Nationwide Mut. Ins. Co.,* 30 NY2d 427, 436; *Doyle v Allstate Ins. Co.,* 1 NY2d 439, 444; *Commercial Pipe & Supply Corp. v Allstate Ins. Co., supra,* p 415). A different question is presented with respect to that portion of the judgment which is in excess of the policy limits. In order to justify awards in excess of the policy, there must be a showing of bad faith on the part of the insurer. "Bad faith requires an extraordinary showing of a disingenuous or dishonest failure to carry out a contract." *(Gordon v Nationwide Mut. Ins. Co., supra,* p 437.) This principle has been applied solely to bad-faith failure to settle, not to breach of the obligation to defend (see *Gordon v Nationwide Mut. Ins. Co., supra; Knobloch v Royal Globe Ins. Co.,* 38 NY2d 471; *Decker v Amalgamated Mut. Cas. Ins. Co.,* 35 NY2d 950; *Town of Poland v Transamerica Ins. Co.,* 53 AD2d 140). The record before us does not indicate that USF&G was guilty of a "disingenuous or dishonest failure" to make a reasonable settlement; indeed, there is no evidence that it was presented with a settlement offer. That portion of the judgment in excess of the policy thus constitutes punitive damages for breach of contract and is inconsistent with established contract principles *(Garrity v Lyle Stuart, Inc.,* 40 NY2d 354; *M. S. R. Assoc. v Consolidated Mut. Ins. Co.,* 58 AD2d 858). (Appeal from judgment of Erie Supreme Court—declaratory judgment.) Present—Moule, J. P., Cardamone, Simons, Hancock, Jr., and Denman, JJ.