■ NATIONWIDE MUTUAL FIRE INSURANCE CO., Appellant, v GLEN R. BURKE et al., Respondents. — Appeal from an order of the Supreme Court at Special Term (Fischer, J.), entered December 22, 1981 in Tompkins County, which, *inter alia,* denied plaintiff's motion for summary judgment. This is an action for a declaratory judgment wherein plaintiff insurance company seeks a declaration that it is not obligated to defend a lawsuit brought against defendant Burke by defendant Gallo. The Gallo action is for personal injuries sustained by Gallo and his son as the result of an alleged assault by Burke on them. Plaintiff notified Burke that pursuant to the terms of the insurance policy there would be no coverage or obligation to defend him in the Gallo action. The insurance company then commenced the instant action. After issue was joined plaintiff moved for summary judgment. Special Term denied the motion, finding that plaintiff had a contractual obligation to defend Burke on the second and third causes of action contained in Gallo's complaint. This appeal ensued. Initially, we note that it is well established that the duty of an insurer to defend is broader than the duty to pay (*Goldberg v Lumber Mut. Cas. Ins. Co. of N. Y.,* 297 NY 148, 154). It is equally well established that for an insurer to avoid the obligation to defend it must be concluded as a matter of law that there is no possible factual or legal basis on which the insurer might eventually be held obligated to indemnify the insured under any provisions of the insurance policy (*Spoor-Lasher Co. v Aetna Cas. & Sur. Co.,* 39 NY2d 875). While the first cause of action of the Gallo complaint alleges that Burke "intentionally and maliciously" struck Gallo and such would not be covered by the insurance policy, the second cause of action alleges in the alternative that Burke "recklessly or negligently injured" Gallo's son, and the third cause of action alleges that, in addition to physical injuries, Gallo suffered extreme emotional trauma as a result of the incident. Liberally construing the second and third causes of action, as we must, a claim can be discerned which is within the coverage afforded by the policy and, consequently, plaintiff has an obligation to defend (*Ruder & Finn v Seaboard Sur. Co.,* 52 NY2d 663, 669-670; *Utica Mut. Ins. Co. v Cherry,* 38 NY2d 735). Special Term, therefore, properly denied the motion and the order should be affirmed. Order affirmed, with costs. Mahoney, P. J., Sweeney, Main, Mikoll and Yesawich, Jr., JJ., concur.