■ MENDES & MOUNT et al., Appellants, v AMERICAN HOME ASSURANCE COMPANY et al., Respondents. AMERICAN HOME ASSURANCE COMPANY, Third-Party Plaintiff-Respondent, v ST. PAUL FIRE AND MARINE INSURANCE COMPANY et al., Third-Party Defendants-Appellants. — Order of the Supreme Court, New York County (Uviller, J.), entered March 8, 1983, which, *inter alia,* granted plaintiffs' motion for summary judgment against defendant and third-party plaintiff American Home Assurance Company only in part, denied the motions of American Home to dismiss the complaint of plaintiff and for summary judgment against third-party defendant Lloyd's and denied third-party defendant Lloyd's cross motion for summary judgment and third-party defendant St. Paul Fire and Marine Insurance Company's motion to dismiss the third-party complaint, is modified, on the law, to grant plaintiffs' motion for summary judgment *in toto* against defendant American Home Assurance Company and an assessment directed as to the total amount of attorneys' fees

and expenses, and otherwise affirmed, with costs and disbursements of this appeal payable to plaintiffs-appellants by defendant American Home. Plaintiff law firm Mendes & Mount was sued in a major malpractice action by seven insurers including American Home. During most of the time that the alleged professional negligence occurred, Mendes & Mount was insured by American Home. St. Paul Fire and Marine Insurance Company had insured Mendes & Mount prior to the time American Home offered coverage and Lloyd's had subsequently insured plaintiff. Since American Home was one of the plaintiffs in the underlying malpractice action, Mendes & Mount hired outside counsel to defend that action. It commenced the instant action against American Home seeking a declaration that it had a duty to defend and pay all expenses incurred in the defense. American Home brought a third-party action against St. Paul and Lloyd's, seeking a declaration that they too must share in the defense of the underlying action, and asking for contribution or indemnity of any judgment obtained by Mendes & Mount, or both. The underlying action against Mendes· & Mount was settled and plaintiff sought the expenses incurred by it in its defense. While Special Term correctly held that American Home had a duty to defend Mendes & Mount, a fact conceded by American Home, it ruled, in effect, that American Home's duty to defend was coextensive with its duty to indemnify. This was error. The insurer's duty to defend extends to any action in which facts alleged are within the coverage afforded by the policy, whether or not the insurer turns out ultimately to be liable for any judgment rendered (see *American Home Assur. Co. v Port Auth.,* 66 AD2d 269). That duty to defend, once determined as herein, extends to a defense of the entire action. Plaintiffs' right to recover the entire amount expended in the defense from American Home cannot be diminished because there may be additional insurers which may also have duties to defend. At this time, it is premature to decide whether or not American Home has any claim for contribution against the third-party defendants. Concur — Sandler, J. P., Asch, Silverman, Bloom and Kassal, JJ.