■ JOHN P. ROBSHAW, JR., et al., Doing Business as ORCHARD PARK SPA, Formerly Known as EUROPEAN HEALTH SPA OF ORCHARD PARK, Appellants, v HEALTH MANAGEMENT, INC., Formerly Known as EUROPEAN HEALTH SPA OF BUFFALO, INC., et al., Respondents. — Order affirmed, with costs. Memorandum: Summary judgment should be denied. We disagree with the dissenters that the provision inserted in paragraph 19 nullifies the provisions contained elsewhere in that section requiring notice and opportunity to cure as preconditions to acceleration. The inserted clause, as we read it, does no more than define precisely what the parties intended by the phrase in the first sentence in paragraph 19: "If default be made in the payment of the rent" with these words: "if Tenant shall fail to remit rental payments on their due date, and said non-remittal continues for twenty (20) days, Tenant shall be in default and shall have breached this Lease Agreement". The parties, to avoid any misunderstanding about the number of days a rental installment must be delinquent to be considered a rental default under the lease, have simply agreed that if a rental installment remains unpaid for 20 days, that constitutes a default and a breach of the lease. Such construction conforms to the general rule that a contract should be interpreted to avoid inconsistencies and to give meaning to all of the terms (see 22 NY Jur 2d, Contracts, §§ 221, 222). All concur, except Denman and Callahan, JJ., who dissent and vote to modify, in the following memorandum.

Denman and Callahan, JJ. (dissenting). We disagree with the majority's reading of the lease and believe that plaintiff lessors are entitled to partial summary judgment against Health Management, Inc., the original tenant; European Health Spas, Inc., its successor in interest; and Health Industries, Inc., their parent corporation and guarantor of the lease (herein referred to collectively as European) for accelerated payments due under their lease. The provision of the lease on which plaintiffs rely states that "Anything herein to

the contrary notwithstanding, if Tenant shall fail to remit rental payments on their due date, and said non-remittal continues for twenty (20) days, Tenant shall be in default and shall have breached this Lease Agreement and Owner shall have such rights as herein provided for any other default or breach which is not subsequently corrected." The majority interprets that clause to do "no more than define precisely what the parties intended by the phrase in the first sentence in paragraph 19". Surely if that had been their intent, it would have been simple to strike "120" and insert "20." Additionally, the inserted clause is not proximate to that portion of paragraph 19 but, rather, follows the acceleration clause, thus indicating, in our opinion, that it was intended to trigger accelerated payments. More significantly, the provision was inserted by the parties in a standard form lease. It is axiomatic that "[w]here written or typewritten and printed portions of a lease are in conflict, the typewritten or written portion will control the interpretation of the lease and will prevail over that which is printed, as it is presumed to convey with more accuracy the latest intention of the parties" (33 NY Jur, Landlord and Tenant, § 83, p 384; see *Hendrickson v Lexington Oil Co.,* 41 AD2d 672, 673; *Feldman v Fiat Estates,* 25 AD2d 750, 751). Nor is enforcement of the acceleration provision unconscionable as defendants contend. The Court of Appeals has upheld the enforceability of such acceleration clause as a common and acceptable "device in the landlord-tenant relationship intended to secure the tenant's obligation to perform a material element of the bargain and its enforcement works no forfeiture" (*Fifty States Mgt. Corp. v Pioneer Auto Parks,* 46 NY2d 573, 578). Here, as in *Fifty States,* "[t]he parties freely bargained for the inclusion of a clause in their lease whereby the rent for the remainder of the lease term would be accelerated upon breach of tenant's covenant to pay rent. The landlord was not required to give formal notice of default to trigger the acceleration clause, nor was the tenant given a grace period within which to cure it." (*Fifty States Mgt. Corp. v Pioneer Auto Parks,* 46 NY2d 573, 579, *supra*). (Appeal from order of Supreme Court, Erie County, Johnson, J. — summary judgment.) Present — Hancock, Jr., J. P., Callahan, Denman, Boomer and Moule, JJ.