■ NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Appellant, v ELIZABETH J. HEIDELMARK, Defendant, and GEORGE J. ALBERT JR., Respondent. — Yesawich, Jr., J. Appeal from an

order of the Supreme Court at Special Term (Kahn, J.), entered April 17, 1984 in Albany County, which, *inter alia,* denied plaintiff's motion for summary judgment.

In a personal injury suit commenced by Elizabeth J. Heidelmark against George J. Albert, Jr., the first and third through sixth causes of action allege that Albert caused Heidelmark bodily injury as a result of willful, intentional conduct. In brief, the first cause of action alleges that on or about September 15, 1982, Albert assaulted, battered and raped her. These very same allegations are repeated and realleged in the second cause of action, after which it is then alleged "[t]hat the acts and conduct of [Albert] * * * were committed recklessly and/or negligently". The remaining causes of action advert to intentional injuries assertedly inflicted by Albert on Heidelmark on other occasions, namely in April through July of 1982.

After receiving the complaint, Albert notified New York Central Mutual Fire Insurance Company (New York Mutual) and requested that it defend him. New York Mutual had issued Albert a homeowners policy and a personal umbrella liability supplemental policy containing personal liability coverage; the ad damnum clause in Heidelmark's complaint, being in an amount greater than the homeowners coverage, triggered applicability of the umbrella policy. Both policies excluded from coverage bodily injury intended by the insured. Reading Heidelmarks's complaint as seeking recovery solely based on theories of intentional tort, New York Mutual denied coverage, refused to defend Albert and instituted this proceeding for a declaratory judgment absolving it of any obligation to defend or indemnify Albert with respect to Heidelmarks' complaint.[*] Because of the allegations of negligence in the second cause of action, Special Term denied New York Mutual's motion for summary judgment and granted Albert partial summary judgment, declaring that New York Mutual had a duty to defend in the Heidelmark suit.

We affirm. To be relieved of the duty to defend, an insurer must demonstrate that the claims alleged against its insured, on the face of the complaint, are solely and entirely within the exclusionary provisions of the insurance policy (*see, International Paper Co. v Continental Cas. Co.,* 35 NY2d 322, 325; *Kincaid v Simmons,* 66 AD2d 428). The showing required to be made is that there is no possible factual or legal basis on which the carrier might eventually be obliged to indemnify the insured under any provision of the insurance policy (*Spoor-Lasher Co. v Aetna Cas. & Sur. Co.,* 39 NY2d 875, 876; *Nationwide Mut. Fire Ins. Co. v Burke,* 90 AD2d 626). If the "complaint alleges any

---

[*] Heidelmark, named as a defendant, has not answered or otherwise appeared in the instant action.

facts or grounds which bring the action within the protection purchased", the duty to defend arises (*Seaboard Sur. Co. v Gillette Co.*, 64 NY2d 304, 310). That the complaint "asserts additional claims which fall outside the policy's general coverage or within its exclusionary provisions" does not free the carrier of this obligation (*supra,* p 310).

The second cause of action of Heidelmark's complaint charges that Albert "recklessly and/or negligently harmed her on September 15, 1982". Since we are unable, at this early stage of the litigation, to state that it is impossible for Heidelmark to introduce facts supportive of her claim that Albert recklessly or negligently injured her on that occasion, an occurrence which would not be excluded from the policy's coverage, New York Mutual is obliged to defend the complaint (*see, Nationwide Mut. Fire Ins. Co. v Burke, supra*).

Order affirmed, with costs. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.