■ ALFRED INGBER, Appellant, v HOME INSURANCE COMPANY, Respondent.—Yesawich Jr., J.

In March 1981, plaintiff was served with process in a lawsuit, captioned "Harold Heller against Al Ingber, individually and d/b/a Ace Casino Supplies", which set forth causes of action for false arrest, false imprisonment, malicious prosecution and breach of contract, based upon plaintiff's alleged false report to police that Harold Heller had stolen a crap table sold by Ace Casino Supplies, a business in which both Heller and plaintiff were purportedly involved. Plaintiff had obtained from an authorized agent of defendant a "Personal Excess and Catastrophe Policy" which included the following provision, entitled "Coverage B": "This Company [defendant] will indemnify the Insured [plaintiff], subject to the limit of liability stated in the Declarations [$2,000,000], against loss in excess of the Insured's Retained Limit [$250] stated in the Declarations, due to payment which the Insured has been legally obligated to pay as damages because of personal injury or property damage with respect to each occurrence not covered in whole or in part by Underlying Insurance." Personal injury as defined in the policy includes false arrest, false imprisonment and malicious prosecution. Defendant, citing to a provision of the policy expressly excluding from Coverage B "any business pursuits of the Insured", denied coverage.

In the course of defending the Heller suit, plaintiff commenced the instant declaratory judgment action seeking a declaration of insurance coverage by defendant (and, thus, defendant's duty to indemnify plaintiff in the Heller action)

and a declaration of defendant's duty to defend (and, thus, plaintiff's entitlement to counsel fees incurred as a result of defendant's failure to appear and defend). Following a verdict in the Heller action awarding Heller $102,200, both parties herein sought summary judgment in their favor. Supreme Court granted defendant's cross motion, finding that the moving affidavits and the trial testimony in the Heller case established that the claim and judgment against plaintiff were "inextricably enmeshed" in plaintiff's business activity. Plaintiff appeals.

The insurer's duty to defend, which is broader than its obligation to indemnify *(see, Seaboard Sur. Co. v Gillette Co.,* 64 NY2d 304, 310), is determined from the face of the complaint for which the insured may stand liable *(see, Colon v Aetna Life & Cas. Ins. Co.,* 66 NY2d 6, 8). Here, the duty to defend clearly attached because the claims directed by Heller against plaintiff are not solely and entirely within the exclusionary provisions of the policy *(see, New York Cent. Mut. Fire Ins. Co. v Heidelmark,* 108 AD2d 1093, 1094). Heller's complaint charges, *inter alia,* that plaintiff acted individually to cause Heller's personal injury; nowhere does it suggest that by having Heller arrested plaintiff was acting as an agent for any business concern. There being a basis in the complaint upon which the carrier might eventually be found obliged to indemnify plaintiff, the business pursuits exclusion does not, at least at this stage of the proceedings, rule out that possibility *(see, Spoor-Lasher Co. v Aetna Cas. & Sur. Co.,* 39 NY2d 875, 876).

The foregoing makes it apparent plaintiff should be granted partial summary judgment declaring that defendant had a duty to defend in the Heller action and further that plaintiff is entitled to reasonable legal fees incurred in carrying out that defense *(see, Sanabria v American Home Assur. Co.,* 113 AD2d 193, 196, *revd on other grounds* 68 NY2d 866). On remittal, Supreme Court should determine the reasonable amount of those fees properly recoverable by plaintiff.

Defendant's duty to indemnify turns not on the pleadings but on the actual facts *(see, Servidone Constr. Corp. v Security Ins. Co.,* 64 NY2d 419, 425) and, although plaintiff's relationship to Heller and Ace Casino Supplies was touched on in the Heller action, the question of whether plaintiff's conduct with regard to Heller was a "business pursuit" within the meaning of the policy's exclusionary language was not adjudicated. Therefore, summary judgment on that issue was not appropriate.

Order reversed, on the law, without costs, cross motion

denied, motion granted to the extent of declaring that defendant was obligated to defend the action commenced by Harold Heller against plaintiff, and matter remitted to the Supreme Court for further proceedings not inconsistent with this court's decision. Casey, J. P., Yesawich, Jr., Levine, Harvey and Mercure, JJ., concur.