ALLSTATE INSURANCE COMPANY, Plaintiff, v EDWARD MUG-
AVERO et al., Defendants.

Supreme Court, Suffolk County, January 23, 1989

### APPEARANCES OF COUNSEL

*Mitchell Gitten* for Edward Mugavero and another, defendants. *Cartiglia, Connolly & Callahan, P. C.,* and *Stroock & Stroock & Lavan* for plaintiff. *Donner, Hariton & Berka, P. C.,* for Christian J. Beecher and another, defendants.

### OPINION OF THE COURT

ROBERT W. DOYLE, J.

This is an action for a declaratory judgment wherein plain-

tiff insurer (Allstate) seeks a declaration that it is not obligated to defend and indemnify the defendants Edward Mugavero and Ann Mugavero in a lawsuit brought against them by Ellen Beecher, individually, and on behalf of the infant defendants Christian James Beecher and Teresa Claire Beecher.

The Beecher complaint sets forth five separate causes of action alleging (1) that Edward Mugavero intentionally committed sexual assaults upon the Beecher children; (2) that he did so without intending the consequences of his intentional acts; (3) that the assaults upon the children occurred by reason of the negligence of Edward Mugavero; and (4) the negligence of Ann Mugavero; with (5) resultant economic injury to Ellen Beecher.

Upon being served with a demand that Allstate appear for, defend and indemnify the Mugaveros in the underlying action, Allstate notified the Mugaveros that it would preliminarily defend them pending an investigation of the charges and the prosecution of a declaratory judgment action. Allstate then commenced the instant action. Defendants Mugavero now move for orders pursuant to CPLR 3124 directing Allstate to disclose certain items to the movants and not to the Beecher codefendants; directing Allstate to appear for deposition before a Referee, and the Beechers not be permitted to attend, and the transcript thereof being kept under seal in order to avoid prejudice to movants in the defense of the underlying action, should such become necessary.

In addition thereto, the Mugaveros request summary or partial summary judgment dismissing the complaint or such parts of it which seek judgment to the effect that Allstate is not obligated to provide a defense to the Mugaveros in the Beecher action. Allstate opposes the motion for discovery and cross-moves for summary judgment declaring that Allstate has no duty to defend and indemnify the Mugaveros. Defendants Beecher oppose Allstate's cross motion and cross-move for summary judgment dismissing Allstate's complaint.

The pivotal issue raised on the motion and cross motions is whether any duty exists under the Mugaveros' homeowner's policy with Allstate requiring Allstate to defend and indemnify the Mugaveros in the Beecher action.

The policy provides in pertinent part under section II, Family Liability, the following:

"Losses We Cover

"We will pay all sums arising from the same loss which an insured person becomes legally obligated to pay as damages because of bodily injury or property damage covered by this part of the policy.

"We may investigate or settle any claim or suit for covered damages against an insured person. If an insured person is sued for these damages, we will provide a defense with counsel of our choice, even if the allegations are not true. We are not obligated to pay any claim or judgment or defend any suit if we have already exhausted the limit of liability by paying judgments or settlements.

"Exclusions—Losses We Do Not Cover

"1. We do not cover bodily injury or property damage intentionally caused by an insured person."

The attorneys for the moving and cross-moving defendants point out, however, that the underlying complaint alleges causes of action not subject to the policy's exclusion for intentional acts, namely, the negligence of Ann Mugavero and the unintended consequences of Edward Mugavero's intentional acts *(see, e.g., Allstate Ins. Co. v Riggio,* 125 AD2d 515).

In response to defendants' contention that a question of fact has been raised as to whether Mr. Mugavero intended to harm the children, plaintiff posits that intent to injure may be inferred as a matter of law simply from the nature of the conduct, here the sexual molestation of two children. Allstate candidly concedes that no New York court in a civil case has yet addressed the question but tenders for the court's review the photocopied decisions of courts of sister States declaring that sexual molestation of children is not covered in a standard homeowner's policy. The rationale of those decisions is that in cases of child molestation an objective test may be used for determining what the child molester intended irrespective of his subjective intent. Therefore, if the molester intended to commit the sexual affronts he will be deemed to have intended to injure as a matter of law *(see, Rodriguez v Williams,* 107 Wash 2d 381, 729 P2d 627). However, as observed in the cited case, other courts when confronted with this issue have taken a different route (107 Wash 2d, *supra,* at 386, 729 P2d, *supra,* at 630; *see, e.g., MacKinnon v Hanover Ins. Co.,* 124 NH 456, 471 A2d 1166; *Alabama Farm Bur. Mut. Cas. Ins. Co. v Dyer,* 454 So 2d 921). In *MacKinnon,* involving the sexual abuse of the defendant's stepdaughter, the court ruled that the plain language of the policy (which had an

exclusion for bodily injury expected or intended) required that the actual subjective intent of the stepfather be considered. A similar result was reached in *Dyer* (a wrongful death case), in which the subjective intent of the policyholder was considered to be crucial.

In a case involving a claim of sexual abuse, albeit not to a child, the Court of Appeals of the State of New York in *Public Serv. Mut. Ins. Co. v Goldfarb* (53 NY2d 392, 399) opined that: "The mere fact that an act may have penal consequences does not necessarily mean that insurance coverage for civil liability arising from the same act is precluded by public policy. * * * Whether such coverage is permissible depends upon whether the insured, in committing his criminal act, intended to cause injury. One who intentionally injures another may not be indemnified for any civil liability thus incurred. However, one whose intentional act causes an unintended injury may be so indemnified."

But the court need not rest its determination on the dicta in the cited case.

In *Rodriguez v Williams (supra)*, the negligence claim against the wife was disposed of simply by tying it to the exclusion as to the husband's intentional conduct. It is doubtful the same result must follow in this State as a matter of law *(see, e.g., United States Fid. & Guar. Co.,* 63 AD2d 847; *Western World Ins. Co. v Jean & Benny's Rest.,* 69 AD2d 260, *appeal dismissed* 48 NY2d 653; *State Farm Ins. Co. v Trezza,* 121 Misc 2d 997).

The gist of the cited cases is that an insurer is not absolved of its duty to defend under an exclusion for intentional torts if the underlying complaint alleges an alternative cause of action grounded in negligence *(see also, New York Cent. Mut. Fire Ins. Co. v Heidelmark,* 108 AD2d 1093). Similarly, there is no absolution for the insurer regarding the duty to defend when an alternative cause of action alleges the insured did not intend the injury resulting from his intentional act *(State Farm Fire & Cas. Co. v Irene S.,* 138 AD2d 589).

Before an insurer can be relieved of the obligation to defend, it must be concluded as a matter of law that there is no possible factual or legal basis on which the insurer might eventually be held obligated to indemnify the insured under any provisions of the insurance policy *(Spoor-Lasher Co. v Aetna Cas. & Sur. Co.,* 39 NY2d 875; *Nationwide Mut. Fire Ins. Co. v Burke,* 90 AD2d 626). Since the court is unable to

state at this stage of the proceedings that it is impossible for the Beechers to present evidence supportive of their claims of negligence and that Mugavero did not intend the injuries that resulted from the assaults, plaintiff shall be obliged to defend the case and such duty extends to a defense of the entire action *(Mendes & Mount v American Home Assur. Co.,* 97 AD2d 384).

Accordingly, plaintiff's cross motion for summary judgment declaring it has no obligation to defend or indemnify the Mugaveros in the Beecher lawsuit is denied. Defendant Beecher's cross motion to dismiss the complaint is also denied since the question of indemnification must await the resolution of the underlying lawsuit and should not be determined in this declaratory judgment action *(Pennsylvania Gen. Ins. Co. v Austin Powder Co.,* 115 AD2d 243). Since the court has concluded plaintiff shall be obligated to defend the Mugaveros in that action, their cross motion is granted to the extent of so declaring and is denied in all other respects.