■ MARCIA MATYCHAK, Respondent, v SECURITY MUTUAL INSURANCE COMPANY, Appellant.—Yesawich Jr., J. Appeal from an order and judgment of the Supreme Court (Ellison, J.), entered May 30, 1991 in Tompkins County, upon a decision of the court in favor of plaintiff.

Notified by the Department of Environmental Conservation (hereinafter DEC) that an oil spill on her neighbor's property may have contaminated her drinking water, plaintiff commenced suit against, among others, John De Franco, the owner of the neighboring property, for bodily injury and property damage. When De Franco notified his insurance company, defendant herein, of plaintiff's claim against him, defendant informed De Franco that he had no coverage in effect at the time of the alleged occurrence. Thereafter De Franco defaulted and plaintiff was awarded damages of $94,766.20 following an inquest. De Franco being unable to satisfy the judgment, plaintiff commenced the instant action against defendant pursuant to Insurance Law § 3420 (a) (2). At the conclusion of a nonjury trial, Supreme Court found that plaintiff had established that her exposure to and ingestion of the harmful compounds had occurred between June 1985 (when she moved to her premises) and December 1985 (when De Franco's homeowner's insurance policy expired) so that defendant was liable for the judgment, with interest, against its insured, De Franco. Defendant appeals. We affirm.

Defendant contends that since plaintiff's knowledge of the elevated levels of hydrocarbons in her and her son's bodies (her medically confirmed exposure) and her consequent emotional distress all occurred after the policy expired, plaintiff is precluded from recovering. The policy is so written, however, that coverage exists. It expressly states that it applies "to accidents, *occurrences* [defined in the policy to include continuous or repeated exposure to substantially similar conditions] *or losses* which happen during the policy period" (emphasis supplied). Thus, by its very terms, the policy does not require that a "loss" occur during the policy period; an "occurrence" is sufficient *(cf., Greenlee v Sherman,* 142 AD2d 472, 476-477; *National Cas. Ins. Co. v City of Mount Vernon,* 128 AD2d 332, 336; *Mraz v Canadian Universal Ins. Co.,* 804 F2d 1325, 1327; *American Home Prods. Corp. v Liberty Mut. Ins. Co.,* 748 F2d 760, 762-763). The trial testimony warrants concluding that plaintiff's person and property were repeatedly exposed to harmful chemicals during the policy period and that plaintiff's emotional distress, the manifestation of her injury, was covered by the policy *(see, Allstate Ins. Co. v Colonial Realty Co.,* 121 Misc 2d 640, 641; *cf., Greenlee v Sherman, supra,* at 478).

Furthermore, having disclaimed its duty to defend De Franco in the underlying action, defendant assumed the risk as to what might be proven against De Franco; more to the point, defendant may not now go behind the underlying

default judgment, which found that plaintiff had been injured and De Franco was liable, to raise defenses extending to the merits of plaintiff's claim *(see, United States Fid. & Guar. Co. v Copfer,* 63 AD2d 847, 847-848, *affd* 48 NY2d 871; *Manard v Hardware Mut. Cas. Co.,* 12 AD2d 29, 31). Hence, we do not reach defendant's assertion that plaintiff is paltering with the truth, that she should be barred from recovering inasmuch as she failed to notify Supreme Court that DEC had informed her during the pendency of the underlying action that her water supply had not been adversely effected.

Similarly unavailing is defendant's argument that plaintiff, as subrogee, is estopped from recovering *(see, Abrams v Maryland Cas. Co.,* 98 NYS2d 520, 523, *affd* 278 App Div 951, *affd* 303 NY 698; 23 NY Jur 2d, Contribution, Indemnity and Subrogation, § 35, at 56-57) because its coverage disclaimer was the product of defendant's reliance on De Franco's "misrepresentation" that plaintiff had purchased her property in 1987, when in fact she did so in 1985; defendant has not shown any evidence of bad faith or collusion between plaintiff and De Franco *(see, Albert v Public Serv. Mut. Cas. Ins. Corp.,* 266 App Div 284, 286, *affd* 292 NY 633; 70 NY Jur 2d, Insurance, § 1695, at 774-776). Moreover, given the ease with which defendant could have determined plaintiff's exact purchase date, one is hard put to say that defendant's reliance on De Franco's statement was reasonable.

Finally, in holding defendant liable for plaintiff's emotional distress, Supreme Court did not, as defendant suggests, find a new injury, i.e., an injury other than that reflected in the default judgment. In the suit underlying that default, defendant's insured, De Franco, was found liable for plaintiff's damages caused by her exposure to harmful chemicals from De Franco's property; in the present action, all Supreme Court decided was that such exposure occurred during the policy period.

Mikoll, J. P., Mercure, Crew III and Casey, JJ., concur. Ordered that the order and judgment is affirmed, with costs.