■ INCORPORATED VILLAGE OF GREAT NECK ESTATES et al., Respondents, v NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, Appellant, et al., Defendant.—In an action, *inter alia,* for a judgment declaring the rights and duties of the parties pursuant to five insurance policies issued by the defendant National Union Fire Insurance Company of Pittsburgh, the National Union Fire Insurance Company of Pittsburgh appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (O'Shaughnessy, J.), entered January 5, 1990, as partially granted the plaintiff's

motion for summary judgment and partially denied its cross motion for summary judgment and determined that the defendant had a duty to defend the plaintiffs pursuant to three of the insurance policies with respect to an action pending in the Supreme Court, Nassau County, entitled *Sefcik v Village of Great Neck Estates.*

Ordered that the order is affirmed insofar as appealed from, with costs.

An action was commenced against the plaintiffs in this action by Carol Sefcik individually and as Administratrix of the Estate of her husband, John W. Sefcik, a sergeant with the Incorporated Village of Great Neck Estates Police Department. It was alleged, *inter alia,* that the plaintiffs' negligence and creation of a stressful atmosphere caused Sergeant Sefcik to commit suicide. The plaintiffs in turn commenced this declaratory judgment action against the National Union Fire Insurance Company of Pittsburgh (hereinafter National Union) seeking a judgment declaring that National Union had a duty to defend in connection with the action brought against them. The plaintiffs moved for summary judgment and National Union cross-moved for the same relief, arguing that the action brought against the plaintiffs fell within one or more exclusions contained in the five insurance policies purchased by the Village of Great Neck Estates. The Supreme Court found that National Union could not evade its duty to defend the plaintiffs pursuant to three of the policies.

We find that the court properly found that National Union was obligated to defend the plaintiffs pursuant to three insurance policies. An insurance carrier's duty to defend is broader than its obligation to indemnify and is determined from the allegations in the complaint for which the insured may stand liable *(see, Seaboard Sur. Co. v Gillette Co.,* 64 NY2d 304, 310; *Ingber v Home Ins. Co.,* 140 AD2d 750). Here, the claims alleged against the plaintiffs are not entirely within the exclusionary provisions of the policies *(see, Meyers & Sons Corp. v Zurich Am. Ins. Group,* 74 NY2d 298; *Ingber v Home Ins. Co., supra).* Balletta, J. P., Rosenblatt, Miller and Pizzuto, JJ., concur.