■ Incorporated Village of Great Neck Estates et al., Appellants, v National Union Fire Insurance Company of Pittsburgh, Defendant, and National Casualty Company, Respondent.—In an action for, *inter alia,* a judgment declaring the rights and duties of the parties with respect to an insurance policy issued by the defendant National Casualty

Company, the plaintiffs Kevin Kely and the Incorporated Village of Great Neck Estates appeal from a judgment of the Supreme Court, Nassau County (O'Shaughnessy, J.), dated August 21, 1990, which (1) adjudged that the National Casualty Company had no obligation to defend or indemnify the plaintiffs under an insurance policy in an action pending in the Supreme Court, Nassau County, entitled *Sefcik v Village of Great Neck Estates,* and (2) dismissed the action against that defendant.

Ordered that the judgment is affirmed, with costs.

In this action for a declaration as to the rights and obligations of the parties pursuant to an insurance policy, the plaintiffs contend that the court erred in finding that the National Casualty Company did not have a duty to defend them. We find that none of the claims brought against the plaintiffs by Carol H. Sefcik individually and as administratrix of her husband's estate were covered by the insurance policy in question.

The insurance policy at issue here, a comprehensive law enforcement liability policy, contained a provision stating that the policy did not obligate the respondent insurance company to defend actions concerning "personal injury, bodily injury or property damage sustained by any paid full time or part time and/or auxiliary or volunteer law enforcement officer". The allegations asserted against the plaintiffs are based on the injuries suffered by Sergeant Sefcik, a law enforcement officer who committed suicide and thus are entirely within this provision. Thus, the National Casualty Company has demonstrated that it does not have a duty to defend the plaintiffs *(see, Meyers & Sons Corp. v Zurich Am. Ins. Group,* 74 NY2d 298; *cf., Ingber v Home Ins. Co.,* 140 AD2d 750). Balletta, J. P., Rosenblatt, Miller and Pizzuto, JJ., concur.